NETTIE MERRITT GRIER v. JAY L. WOODSIDE AND HOWARD WOODSIDE.

(Filed 13 May, 1931.)

1. **Parent and Child A a—Liability of parent for negligent driving of automobile by minor son is governed by "family car" doctrine.**

    The father is not ordinarily liable for the torts of his minor son by reason of the relationship, and his liability must be predicated upon some principle of agency or employment, and where the son causes injury while driving his father's automobile the theory of agency is determined by the "family car" doctrine.

2. **Same—Where son uses father's automobile with consent and approval of father the "family car" doctrine applies.**

    Where a parent owns an automobile for the convenience and pleasure of his family, a minor child who is a member of the family, though using the car at the time for his own purposes with the parent's consent and approval, will be regarded as representing the parent in such use, and the parent will be held responsible for the negligence of the son causing injury to another.

3. **Same—Consent of father to use of car by son may be implied from circumstances, and in this case it is held a question for the jury.**

    The consent of the parent to the use of his family automobile by the son for the sole purpose of the latter may be implied from the circumstances, such for example, as the habitual or customary use for his own purposes by the son, and where there is evidence to this effect the testi-

mony of the father that at the time of purchasing the car he told his
son not to use it without his consent raises the question of the implied
consent of the father as against the father's motion as of nonsuit.

4. **Trial E g—Instruction in this case held not to contain prejudicial
error.**

An instruction of the trial judge to the jury upon the liability of a
father under the "family car" doctrine for his minor son's negligence in
causing an injury to another is not held for prejudicial error in this case
because of the use of the words "driven by the son on various occasions,"
it being admitted that the son had been driving the car for more than two
years, and it thus appearing that the jury must have understood he was
referring to his habitually and customarily driving it.

5. **Evidence C a—Where plaintiff makes out prima facie case the burden
of going forward with the evidence is properly placed on defendant.**

Where in an action against a father for the negligent driving of his
automobile by his minor son the court charges the jury that where the
plaintiff has introduced evidence that the son habitually and customarily
used the car with his father's consent, that the burden was upon the
father to show that on the particular occasion in suit the son was driving
without his consent, is not error, the instruction in effect placing the
burden of going forward with the evidence on the defendant after the
plaintiff, upon whom was the burden of proof, had made out a prima
facie case.

APPEAL by defendants from *Harding, J.,* at Spring Term, 1931, of
MECKLENBURG. No error.

The plaintiff brought suit to recover damages for personal injury
resulting from the collision of her automobile with one driven by the
defendant, Howard Woodside. The defendant, Jay L. Woodside, was
the owner of the car and Howard Woodside, 18 years of age, is his son.
On 31 May, 1930, at about 6 p.m. the plaintiff was driving her car in
an easterly direction on Templeton Avenue in the city of Charlotte, and
Howard Woodside was driving his father's car in a southerly direction
on Euclid Avenue. At the intersection of the two avenues a collision
of the cars occurred, resulting in injury to plaintiff and damage to her
car. The various acts of alleged negligence are set out in the com-
plaint.

The defendants, admitting that Howard Woodside was a minor and
that his father owned the car, denied all the allegations of negligence
and pleaded contributory negligence of the plaintiff in bar of her re-
covery. The following verdict was returned:

1. Was the plaintiff injured and damaged by the negligence of the
defendant, Howard Woodside, as allegd in the complaint? Answer:
Yes.

2. If so, is the defendant, Jay L. Woodside, responsible for and
chargeable with such negligence? Answer: Yes.

3. Did the plaintiff, by her own negligence, contribute to her injury, and damage as alleged in the answer? Answer: No.

4. What damages, if any, is the plaintiff entitled to recover? Answer: $2,150.

Judgment was rendered for the plaintiff and the defendants appealed, assigning error.

*John M. Robinson and Hunter M. Jones for plaintiff.*
*C. H. Gover for defendant.*

ADAMS, J. There was no error in overruling the defendants' motion for nonsuit. Indeed, the negligence of the son is not in controversy. The matters in dispute are the alleged liability of the father and a question of error in the charge to the jury.

This Court has held that the owner of an automobile is not liable in damages for injury resulting from its negligent operation merely because of his ownership, and that as a rule a father is not liable for the torts of his minor son. *Brittingham v. Stadiem,* 151 N. C., 299; *Linville v. Nissen,* 162 N. C., 95; *Taylor v. Stewart,* 172 N. C., 203. In such cases liability for the son's negligence will ordinarily be imputed to the father only on some principle of agency or employment. *Wilson v. Polk,* 175 N. C., 490; *Bilyeu v. Beck,* 178 N. C., 481; *Robertson v. Aldridge,* 185 N. C., 292. But with respect to the use of automobiles this principle must be considered in connection with the family-purpose doctrine, which has been adopted as the law of this jurisdiction. *Williams v. May,* 173 N. C., 78; *Clark v. Sweaney,* 176 N. C., 529; *Tyree v. Tudor,* 181 N. C., 214; *Allen v. Garibaldi,* 187 N. C., 798; *Watts v. Lefler,* 190 N. C., 722; *Plott v. Howell,* 191 N. C., 832; *Goss v. Williams,* 196 N. C., 213. A concise statement of the doctrine is set out in *Robertson v. Aldridge, supra:* "Where a parent owns a car for the convenience and pleasure of the family, a minor child who is a member of the family, though using the car at the time for his own purposes with the parent's consent and approval, will be regarded as representing the parent in such use, and the question of liability for negligent injury may be considered and determined in that aspect."

Under this doctrine the question of liability does not depend on the relation of parent and child; the question is whether the child was using the car for one of the purposes for which it was provided. Hence, the consent of the parent need not be express; it may be implied from circumstances, such, for example, as the habitual or customary use of the car. *Wallace v. Squires,* 186 N. C., 339.

In the case before us there was evidence tending to show that Jay L. Woodside had owned a Franklin car for more than two years; that the

son had driven it during this period on an average of once or twice a week with his father's consent; that he was living with his father as a member of the family; and that the car was used for family purposes. There was evidence that Jay L. Woodside came home at five in the afternoon and parked the car in the driveway; that while he was in his house his son took charge of the car and started to a pressing club for a suit of clothes, and that soon afterwards he got information of the collision.

True, the father testified that when he bought the car and perhaps at other times he told his son not to use it without his consent; but the record discloses circumstances from which the jury was fully warranted in finding that the son was using the car at the time of the collision with the implied consent of his father. The doubt was a matter for the jury, and should not be resolved against the plaintiff as a conclusion of law.

The defendants complain of an instruction relating to the family purpose doctrine in which the court referred to the son's use of the car on "various occasions" instead of his habitual or customary use of it; but, considering the instruction in view of the admitted fact that the son had been driving the car for two years, we are of opinion that the jury could not have been prejudiced or misled.

An exception was taken to the following instruction: "So, under our law when it is shown that the son on various occasions has driven an automobile belonging to his father, with his knowledge and with his consent, with his permission and with his authority, that is sufficient to carry it to the jury and the burden shifts to the defendant, the father in this case, to explain the relationship and to show he did not have authority on that particular occasion."

We do not understand this instruction in any way to change the burden of the issue. The judge had previously told the jury that the burden was on the plaintiff to satisfy them by the greater weight of the evidence that at the time of the collision Howard Woodside was acting as agent of his father. The evident meaning of the instruction is that after the introduction of evidence sufficient to carry the case to the jury, it was encumbent upon the defendant to go forward with evidence tending to rebut the prima facie case made by the plaintiff in this respect. The question has been frequently discussed and in view of our decisions, we deem it unnecessary to review the cases in which the point has been presented. *White v. Hines,* 182 N. C., 275.