MRS. REID P. LYON v. W. H. LYON.

(Filed 1 November, 1933.)

**Automobiles E b—Husband held not liable for injury to wife driving family car for defective condition of car in absence of knowledge of defect.**

> Where a husband owns an automobile for family use and the wife sustains a personal injury while driving upon a highway, and brings action against her husband for damages, alleging his failure to inspect the car and not keeping it in a safe and suitable condition as the cause of the injury she has sustained, a demurrer to the complaint is properly sustained in the absence of allegation that the husband knew of the defective condition and failed to warn his wife, their relation in this respect being analogous to that of principal and agent or master and servant, the latter having the same opportunity of discovering the defect before using the car.

APPEAL by plaintiff from *Grady, J.,* at March Term, 1933, of JOHNSTON. Affirmed.

The plaintiff in this action is now and was on 5 May, 1932, the wife of the defendant. She and the defendant are now and were on said day residents of the town of Smithfield, in Johnston County, North Carolina.

In her complaint, as the cause of action on which she seeks to recover of the defendant, the plaintiff alleges:

"3. That on 5 May, 1932, and for some time prior thereto, the defendant was the owner of a Buick automobile, which he maintained and kept for the pleasure of the plaintiff and other members of their family and friends, to be used by the plaintiff whenever she desired the same.

4. That on 5 May, 1932, the defendant placed the said Buick automobile for the use of plaintiff and one of her friends in making a trip from the town of Smithfield to the city of Raleigh. That plaintiff was proceeding along in said automobile and operating the same in a careful and prudent manner, on State Highway No. 10, and when about two miles south of the city of Raleigh, at about 11 o'clock in the day time, the tire on the right-hand rear wheel of said automobile punctured, and plaintiff immediately attempted to stop the said automobile.

5. That immediately upon ascertaining that the tire on said automobile had become flat, and that it was necessary that the automobile be stopped, and the tire changed, the plaintiff promptly attempted to apply the brakes and to bring the automobile to a full stop; that shortly after it became flat, the said tire, as plaintiff now believes, either came off of the wheel, or the wheel locked, or something wrong happened, and when she attempted to apply the brakes and stop said automobile, the

brakes failed to work properly, and they did not check the speed of said automobile. That at the time said tire became flat, and the plaintiff realized that immediate repairs to or change of said tire were necessary, the said automobile was proceeding along on the right-hand side of the road, at a reasonable rate of speed, and with due care, but directly after the said tire became flat, and it was apparent to her that the brakes were not in proper working condition, and that she could not stop said automobile, and that the mechanical condition of said automobile was such that she could not control the same, she endeavored to keep said automobile on the right-hand side of the road, but on account of the negligent condition of said automobile, when the brakes failed to check its speed, it ran for some distance until its momentum was such that it suddenly lurched from one side of the road to the other, and as she now believes, one or more of the wheels locked, or the steering gear became out of adjustment to such extent that she was in a moving automobile, which was in such negligent mechanical condition that she was powerless to control the same, and that said automobile finally ran off a high embankment, on the right-hand side of the highway and turned over, and that on account of the negligence of the defendant, plaintiff was seriously and painfully injured and damaged."

The plaintiff further alleges that she was injured and damaged by the negligence of the defendant, "for that he negligently maintained and placed at the use and disposal of the plaintiff, and for her pleasure, a family automobile, and instead of constantly inspecting and repairing said automobile, and keeping it in a safe and suitable condition for the pleasure and convenient use of plaintiff, the said defendant negligently failed to have the said automobile inspected from time to time and to know that it was in proper mechanical condition and safe for use; and for that the defendant negligently failed to equip said automobile with proper tires, tubes and rims; and in that he negligently maintained and used upon said automobile an old tire, tube and rim herein specifically complained of; and for that the defendant negligently failed to have said automobile equipped and maintained with safe and adequate brakes, so that said automobile could be controlled by same; and for that the defendant negligently failed to keep the wheels, steering gear, and other mechanical parts of said automobile in such condition for use, so that the said automobile could be properly controlled, instead of same lurching from one side of the road to the other, and rendering the occupants of said automobile utterly helpless; and for that the defendant negligently placed in the hands of the plaintiff a family automobile, for her pleasure, and said automobile at the time herein complained of, as the plaintiff is now advised, informed and believes, was in such negligent condition that it was a menace to the life and limbs

LYON *v.* LYON.

of the plaintiff, and an unfit, unsafe and highly dangerous instrumentality and unsuited for use, and by reason of the negligence of the defendant as aforesaid, the plaintiff has been seriously and painfully injured to her great damage, to wit, in the sum of $25,000."

The defendant, in apt time, demurred to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action, for that:

"(a) The complaint does not allege any legal duty or obligation on the part of the defendant to furnish or provide for plaintiff any automobile, or the particular automobile referred to, either generally or at the particular time referred to in the complaint;

(b) It is not alleged in the complaint that the alleged defects in said automobile existed at the time when the defendant gave to the plaintiff permission, and when plaintiff, pursuant to such permission, took and began to use the same, and/or that at said time defendant had actual knowledge of the defects complained of and failed to notify or warn plaintiff of the same."

The demurrer was sustained and the action dismissed. The plaintiff appealed to the Supreme Court.

*F. H. Brooks for plaintiff.*
*Ruark & Ruark for defendant.*

CONNOR, J. It is well settled as the law in this State that where a husband owns an automobile, which he keeps and maintains for use by his wife for her pleasure, and the wife while driving the automobile, by her negligence causes injuries to a third person, such person may recover of the husband damages for his injuries. *Goss v. Williams,* 196 N. C., 213, 145 S. E., 169. In the opinion in that case, it is said that in contemplation of law the negligence of the wife is imputed to the husband. In such case, the liability of the husband to the injured person is predicated upon the principle of *respondeat superior.* The wife, as the driver of the automobile, is the representative of the husband, and although she is driving the automobile for her pleasure, is engaged in his business, while driving the automobile for the purposes of its ownership. The relationship between the husband and the wife, with respect to the automobile, is analogous to that of master and servant, or principal and agent, and not that of bailor and bailee. The liability of the husband to the third person who was injured by the negligence of the wife, arises out of his relationship to her, with respect to the automobile, which she was driving at the time of the injury. This relationship is said to be that of master and servant, or principal and agent. The so-called "family purpose doctrine," which is recognized

and applied in this State for the protection of third persons, is founded upon this principle.

In the instant case, the wife while driving the automobile which was owned by her husband and kept by him for her use and for her pleasure, suffered personal injuries, which it is alleged were caused by the defective condition of the automobile. In the absence of allegations that the husband knew of such condition, and with such knowledge failed to warn his wife of the danger of using the automobile, and of further allegations that the wife did not know and could not by reasonable inspection have discovered such defects, no cause of action is alleged in the complaint. See *Plasikowski v. Arbus,* 92 Conn., 556, 103 Atl., 642, L. R. A., 1918E, 415. In that case it is held that an employer is under no duty to warn an employee of dangers which are obvious, or to instruct him with respect to matters which he may fairly be supposed to understand. This principle of law was applied in that case, where it was held that a chauffeur could not recover of his employer damages for personal injuries suffered by him as the result of the defective condition of the automobile which he was driving for his employer. In the instant case, a fair interpretation of the allegations of the complaint justify an application of this principle. On the facts alleged in the complaint, the plaintiff had equal if not greater opportunities to discover the alleged defects in the automobile as the defendant. If the defects were not obvious and could not have been discovered by the plaintiff, upon a reasonable inspection of the automobile, before the accident, then it follows that they could not have been discovered by the defendant upon such inspection. There is no error in the judgment.

Affirmed.