L. B. MATTHEWS v. J. T. CHEATHAM AND MARY JOHNS CHEATHAM.

(Filed 4 November, 1936.)

1. **Trial D a—**

Upon a motion to nonsuit, all the evidence upon the whole record tending to support plaintiff's cause of action is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

2. **Automobiles C m—Evidence of defendant's actionable negligence in traversing intersection held sufficient for jury.**

Evidence that plaintiff drove his car with trailer attached into an intersection at a speed of approximately ten miles per hour when the car driven by defendant was 60 to 70 feet away, that the car driven by

defendant, approaching from the right along the intersecting street, was driven at a speed of about forty miles per hour, that there was nothing to obstruct vision, and that defendant did not reduce her speed, but drove her car into the side of plaintiff's car as plaintiff's car had almost cleared the intersection, *is held* sufficient to be submitted to the jury on the issue of defendant's actionable negligence.

**3. Appeal and Error E b—**

Where the charge of the court below is not in the record, it will be presumed that the court correctly charged the law applicable to the evidence.

**4. Automobiles C m—Motion to nonsuit for that plaintiff's own testimony showed contributory negligence held correctly denied when plaintiff's testimony is conflicting on the issue.**

Plaintiff testified on cross-examination that he saw defendant's car approaching along an intersecting street, and, notwithstanding, drove his car in front of her. Defendant moved to nonsuit on the ground that plaintiff's own testimony showed contributory negligence as a matter of law. Plaintiff further testified that although he saw defendant's car approaching, it was 60 to 70 feet away when he entered the intersection, and that defendant did not slacken its speed, but ran into him just before he cleared the intersection. *Held:* Plaintiff's conflicting testimony was correctly submitted to the jury on the question of contributory negligence.

**5. Negligence D c—**

Defendant's motion to nonsuit on the ground that plaintiff's own testimony shows contributory negligence as a matter of law is correctly denied when plaintiff's evidence on the issue is conflicting, the discrepancy in plaintiff's testimony being for the jury. .

**6. Automobiles E c—Evidence that husband controlled and maintained car held sufficient to support family car doctrine.**

The evidence disclosed that the *feme* defendant was driving a car owned by her daughter, but that the daughter was a minor and used the car only with the consent of her parents, that all members of the family used the car, which was kept in a garage with two other cars belonging to the *feme* defendant's husband, and that he listed and paid taxes on the car in his own name, secured or attempted to secure insurance thereon in his name, and furnished gasoline and paid repair bills thereon, that at the time of the accident the *feme* defendant had gone for a dress belonging to her daughter and was going to bring her daughter home from work, and that after the accident the husband had title to the car placed in his name, *is held* sufficient to show that the husband controlled and maintained the car as a "family car," and the evidence was correctly submitted to the jury on the issue of his liability under the doctrine.

CONNOR, J., dissents.

APPEAL by defendants from *Harris, J.,* at 30 March Term, 1936, of EDGECOMBE. No error.

This is an action for actionable negligence brought by plaintiff against defendants to recover damages. The complaint, in part, is as follows: "That on 25 November, 1933, the plaintiff was driving his

Chevrolet automobile through the city of Wilson, county of Wilson, State of North Carolina, in a southerly direction and on Tarboro Street, and in a lawful manner, and, as he progressed across the intersection of Tarboro and Vance streets, a Ford automobile, driven in a negligent, wrongful, tortious, and reckless manner, and at an unlawful rate of speed, by Mary Johns Cheatham, one of the defendants herein, ran onto and against the right side of the automobile driven by the plaintiff, wrecking said plaintiff's automobile and throwing him violently therefrom, turning said automobile of the plaintiff over onto and against him, the said plaintiff, in such a manner as to break his pelvis bone in two places, crushing his kidney and other parts of his body, inflicting serious bodily damage on said plaintiff, and thereby permanently injuring him and causing him great agony in body and mind and great suffering, loss of labor, loss of property, hospital, nursing, and doctor's bills, to his great hurt and damage, through no fault of his. That the defendant Mary Johns Cheatham is now and was at the time set out in this complaint the wife of the defendant J. T. Cheatham, and they are now and were at said time living together as man and wife, and the said J. T. Cheatham, at the time set out in the complaint and for some time prior thereto, maintained the Ford automobile, which on said occasion was being operated by the defendant Mary Johns Cheatham for the use, pleasure, and convenience of himself and members of his family, including his wife, the said Mary Johns Cheatham, and that on said occasion the said Ford automobile was being operated by the said Mary Johns Cheatham, with the actual or implied knowledge, consent, and acquiescence of the defendant J. T. Cheatham. That the negligence of the defendants as hereinbefore set out was the direct, sole, and proximate cause of the damage hereinbefore set out suffered by the plaintiff."

The defendant J. T. Cheatham denied the material allegations of the complaint, and says that he did not, as plaintiff alleged, maintain the car either for his own or his family's use, and further sets up the plea of contributory negligence.

The defendant Mary Johns Cheatham denied the material allegations of the complaint and set up the plea of contributory negligence, and further: "That as a direct and proximate result of the aforesaid negligence of the plaintiff, this defendant sustained severe bruises and great shock, both mental and physical, requiring the services of physicians, all to her hurt and damage in the sum of $2,500. This defendant pleads the aforesaid negligence of plaintiff in bar of recovery herein and as a basis for her counterclaim. . . . That plaintiff recover nothing; that she recover of plaintiff the sum of $2,500."

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff injured by the negligence of the defendant Mary Johns Cheatham, as alleged in the complaint? Ans.: 'Yes.'

"2. If so, did the plaintiff by his own negligence contribute to or cause said injury? Ans.: 'No.'

"3. Was the Ford automobile operated by Mary Johns Cheatham owned, maintained, or kept by the defendant J. T. Cheatham for the general use, pleasure, or convenience of his family? Ans.: 'Yes.'

"4. What sum, if any, is plaintiff entitled to recover as damages? Ans.: '$5,200.'

"5. Was the defendant Mary Johns Cheatham injured by the negligence of the plaintiff, as alleged in the answer? Ans.: .............

"6. What sum, if any, is the defendant Mary Johns Cheatham entitled to recover as damages? Ans.: ............."

The judgment of the court below is as follows: "Present: Honorable W. C. Harris, Judge. This cause coming on for trial and being heard before the Honorable W. C. Harris, Judge, and a jury, at 30 March Term, 1936, of the Superior Court of Edgecombe County, and the jury having answered the issues submitted in favor of the plaintiff as appears in the record: Now, therefore, upon motion of Mr. B. H. Thomas and Messrs. Gilliam & Bond, attorneys for plaintiff, it is adjudged, ordered, and decreed that the plaintiff have and recover of the defendants J. T. Cheatham and Mary Johns Cheatham, the sum of $5,200 and the costs of this action, to be taxed by the clerk. W. C. Harris, Judge."

The defendants made numerous exceptions and assignments of error, and appealed to the Supreme Court. The material ones will be set forth in the opinion.

*B. H. Thomas and Gilliam & Bond for plaintiff.*
*Finch, Rand & Finch and Spruill & Spruill for defendants.*

CLARKSON, J. The material exceptions and assignments of error made by defendants, are as follows: "For that the court erred in refusing to grant defendants' motion for judgment as of nonsuit at the close of plaintiff's evidence. For that the court erred in refusing to grant defendants' motion for judgment as of nonsuit at the close of all the evidence. For that the court erred in refusing to grant defendants' motion to charge the jury as follows: 'I charge you, gentlemen of the jury, that, if you find the facts to be as testified to by all of the witnesses, it will be your duty to answer the third issue "No." ' " We do not think the exceptions and assignments of error can be sustained.

Upon a motion as of nonsuit, all the evidence upon the whole record tending to support plaintiff's cause of action is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

The jury accepted plaintiff's evidence to be true. The evidence sustained the allegations of the complaint (1st) as to the collision: The plaintiff lived in Rocky Mount, and on the morning of 25 November, 1933, he was going to a farm and had to pass through Wilson, N. C. He was driving a Chevrolet automobile with a trailer. He was on Tarboro Street, on the right side, and came to Vance Street and was attempting to cross the intersection when he was injured. When reaching the intersection he had his car under control to stop, if necessary, and had slowed down to 10 miles an hour. He saw a car coming east (in a southeasterly direction) on Vance Street. The car was twice the width of the intersection away when he entered the intersection. He went across the street and just before he cleared it the car driven by the *feme* defendant hit the right-hand door of his car and turned it over. The blow knocked him out of the car. In his opinion she was driving 40 miles an hour. Tarboro Street is 37 feet wide and goes east and west, and Vance Street is 30 feet wide and goes north and south. As he entered the intersection the *feme* defendant was, at the very least, 60 to 70 feet away. She did not reduce her speed or apply her brakes or make any attempt to stop. There was nothing to obstruct her view the entire block. She ran straight into plaintiff's car when he was almost clear of the street. She did not slacken up a bit, and turned his car over. The plaintiff further testified: "I was taken to Moore-Herring Hospital at Wilson, and Mr. J. T. Cheatham, the man of whom his wife ran into me, come in there and took hold of my hand and told me his name and told me it was his wife's car, his car that ran into me, driven by his wife, and he wanted me to stay there for treatment, and he would take care of the damage; it was her fault."

We think the question of contributory negligence on the part of plaintiff was for the jury to determine. The charge of the court below is not in the record, and the presumption of law is that the court charged the law applicable to the facts.

The defendants contend that plaintiff testified on cross-examination that he saw the *feme* defendant, but, notwithstanding that, he ran in front of her and therefore as a matter of law was guilty of contributory negligence. But plaintiff also testified: "I saw Mrs. Cheatham 60 or 70 feet from the intersection. I was in the intersection at that time. I started to pick up. I was almost clear of the street when she hit me. She ran straight into me, did not turn to the right or left. I don't think she saw my car. If she had been looking to the front there was nothing to keep her from seeing it. . . . Mrs. Cheatham did not slacken up a bit. She was going 40 miles an hour. It broke my car in two."

This discrepancy was for the jury. *Taylor v. Rierson, ante,* 185 (189). The presumption of law is that all these matters were left to the jury on a charge free from error.

(2) As to the "family purpose doctrine": R. A. Powers testified, in part: "I know Mr. J. T. Cheatham. The first time I met him was at Herring's Drug Store in Wilson. I was with Mr. Matthews. Mr. Cheatham's son was with him. I heard Mr. Cheatham and Mr. Matthews talk together. Mr. Cheatham said that he maintained three automobiles at his home. That this particular car (Ford) that his daughter won it in a contest. He said she did not ever drive except by consent of he and his wife, and he maintained the car the same as the rest of them. . . . In fact, he said he paid the taxes on this automobile along with his others, and I think he made the statement that he paid the insurance. I will not be positive."

J. D. Davis testified, in part: "I am in the garage business known as the Davis Auto Company, on Green Street, at Wilson. I know Mr. J. T. Cheatham, Mrs. Cheatham, and Miss Martha Cheatham. I remember the Ford automobile of Miss Cheatham that she won in a newspaper contest. From the time of the winning of the car in November, 1933, I had occasion to service and repair the car at different times. Mr. Cheatham brought the car to me most of the time. Mrs. Cheatham has a few times, I think. I would say Mr. Cheatham brought the car in half a dozen times for servicing, and he paid the bills every time. He paid all the bills on all the cars. He is still a very good customer of mine. I have mostly seen Mr. Cheatham drive the Ford car."

Ernest Barnes testified, in part: "I have seen different members of the family driving it, Mrs. Cheatham mostly. I have seen Mr. Cheatham's daughter driving it and Mrs. Cheatham, but, so far as the others, I would not be positive. That was before the accident."

The evidence succinctly, as to the "family purpose doctrine": (1) Defendant J. T. Cheatham had a garage at his home in which this car was kept, with two others. (2) His daughter, who owned the car (won in a newspaper contest) was about 16 years old, a minor at the time. (3) Different members of the family drove the car, including the *feme* defendant. (4) He furnished the gasoline and repaired the car. (5) At the time of the collision the *feme* defendant had gone for a dress that belonged to the daughter, and was to bring her home from her work. (6) That J. T. Cheatham paid the taxes on the car and returned same in his name. (7) He secured, or attempted to secure, insurance on the car in his own name. (8) That no one used the car without his or his wife's consent. (9) After the accident he had the title placed in his name.

In *Watts v. Lefler,* 190 N. C., 722, at p. 725, this Court quotes with approval the following statement from Berry on Automobiles (4th Ed.)

sec. 1280: "The rule is followed in some of the states in which the question has been decided, that one who *keeps* an automobile for the pleasure and convenience of himself and family, is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family."

Huddy's Encyclopedia of Automobile Law (9th Ed.), Vol. 7-8, page 324, states the rule: "The person upon whom it is sought to fasten liability under the 'family car' doctrine must own, provide, or maintain an automobile for the general use, pleasure, and convenience of the family. Liability under this doctrine is not confined to owner or driver. It depends upon control and use."

We think there was sufficient evidence to be submitted to the jury that J. T. Cheatham controlled and used the car as a "family car," and the family purpose doctrine was applicable to the facts in this case. On this aspect it is presumed that the court below charged the jury on the law applicable to the facts.

It is well settled that the "family purpose doctrine" is the law in this jurisdiction. *Robertson v. Aldridge,* 185 N. C., 292; *Wallace v. Squires,* 186 N. C., 339; *Watts v. Lefler,* 190 N. C., 722; *Grier v. Woodside,* 200 N. C., 759; *Eaves v. Coxe,* 203 N. C., 173; *Lyon v. Lyon,* 205 N. C., 326; *Byers v. Brawley,* 207 N. C., 151.

In the judgment of the court below, we see

No error.

CONNOR, J., dissents.