GROVER MANHEIM, by His Next Friend, L. W. MANHEIM, v. BLUE BIRD TAXI CORPORATION and W. C. CARNELL.

(Filed 4 January, 1939.)

**1. Automobiles § 18g—**

 Evidence tending to show taxi was being driven at excessive speed along street and hit plaintiff pedestrian, who was crossing the street at an intersection, *held* sufficient to be submitted to the jury on the issue of negligence.

**2. Automobiles §§ 18c, 18g—Conflicting evidence as to whether minor used due care in crossing street held to raise issue for jury.**

 Plaintiff's evidence tended to show that he, a minor nine years of age, paused, looked up and down the street before attempting to cross the street at an intersection, saw no cars approaching, and had gone over half way across the street when he was struck by a taxi which was being driven at an excessive speed. Defendants' evidence was to the effect that plaintiff failed to pause, look or listen and ran headlong into the path of the approaching taxi. *Held:* The conflicting evidence raises questions of fact which were properly submitted to the jury on the issue of whether plaintiff used due care for his own safety in the light of his age, intelligence, and capacity.

**3. Negligence § 19b—**

 A nonsuit on the ground of contributory negligence may not be granted unless the evidence is so clear on that issue that reasonable minds could draw no other inference.

**4. Negligence § 11—**

A person must exercise for his own safety that care which a reasonably prudent person would have exercised under the circumstances, which rule is constant, although the degree of care may vary with the exigencies of the occasion.

**5. Negligence § 12—**

Whether a minor exercises due care for his own safety must be determined in the light of his intelligence, age, and capacity.

APPEAL by the corporate defendant from *Bivens, J.,* at March Term, 1938, of GUILFORD. No error.

*Leonidas Herbin and Frazier & Frazier for plaintiff, appellee.*
*Jas. MacClamroch and A. C. Davis for defendant, appellant.*

SCHENCK, J. This is an action to recover damages for personal injury alleged to have been suffered by the plaintiff through the negligence of the defendants. The defendants' motions for judgment as in case of nonsuit were denied, the usual issues of negligence, contributory negligence and damage were submitted and answered in favor of the plaintiff, and from judgment predicated upon the verdict, the corporate defendant appealed, assigning errors.

The assignment of error most seriously pressed on appeal is that to the refusal of the court to allow motion for judgment as in case of nonsuit lodged when plaintiff had rested his case and renewed at the close of all the evidence. C. S., 567. In determining whether the court erred in refusing to allow this motion we must give the evidence such construction as is most favorable to the plaintiff. Given this interpretation, the evidence tends to establish the following facts:

The plaintiff was a minor about nine years of age. The appellant, through its agent, W. C. Carnell, was operating a taxicab on North Elm Street in the city of Greensboro on 19 June, 1937. About 10:40 a.m. on said date the plaintiff attempted to cross North Elm Street at the intersection of Bishop Street with North Elm Street, and when he had gotten about two feet beyond the center line of North Elm Street he was struck and injured by the taxicab of the appellant proceeding in a southern direction on said street. There were cars parked on both sides of North Elm Street, and the distance between the cars on one side of the street to the cars on the other side thereof was about 35 feet. The plaintiff came from behind a car on the east side of the street, paused, and looked up and down the street, north and south, and saw no car approaching from either direction, and then proceeded across the street and was struck by the appellant's taxicab when he had proceeded about 19½ feet across the street, which took him about two feet beyond the center line of the street. The plaintiff did not see the taxicab before he

was struck. The taxicab was being driven from 40 to 45 miles per hour, and left skid marks on the street about 43 feet long when it was stopped. The intersection of North Elm Street and Bishop Street is in a business section of the city of Greensboro and the traffic on North Elm Street in this location is heavy.

The appellant does not seriously contend that there was insufficient evidence to be submitted to the jury upon the first issue involving the actionable negligence of the defendant, but does seriously contend that the evidence establishes the contributory negligence of the plaintiff. While the appellant's evidence tends to show that the plaintiff failed to pause, look and listen, before crossing North Elm Street and ran headlong into the path of the approaching taxicab which was being operated at a lawful rate of speed, this evidence is in direct conflict with the evidence of the plaintiff, and questions of fact are thereby raised, and it was proper for the court, under such circumstances, to submit these questions to the jury under the issue involving the contributory negligence of the plaintiff.

"It is a familiar rule that a judgment of involuntary nonsuit on the ground of contributory negligence of the plaintiff cannot be rendered unless the evidence is so clear on that issue that reasonable minds could draw no other inference. *Pearson v. Luther,* 212 N. C., 412, 193 S. E., 739; *Mulford v. Hotel Co.,* 213 N. C., 603; *Corum v. Tobacco Co.,* 205 N. C., 213, 171 S. E., 78. This rule has nothing to do with the credibility of witnesses. It applies equally to the testimony of the plaintiff as to that of other witnesses; *Tomberlin v. Bachtel,* 211 N. C., 265, 268, 189 S. E., 769; *Matthews v. Cheatham,* 210 N. C., 592, 188 S. E., 87; *Smith v. Coach Line,* 191 N. C., 589, 591, 132 S. E., 567; and he is entitled also to the benefit of the rule that upon the motion to nonsuit the evidence must be considered in the light most favorable to the plaintiff. *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353; *Lynch v. Telephone Co.,* 204 N. C., 252, 167 S. E., 847; *Gilbert v. Wright,* 195 N. C., 165, 141 S. E., 577." *Cole v. Koonce, ante,* 188.

In determining whether the plaintiff failed to use the degree of care required of him, that is whether he breached the rule which held him to that degree of care which a reasonably prudent person would have exercised under the circumstances, which rule is constant, although the degree of care may be varied by the exigencies of the occasion, *Diamond v. Service Stores,* 211 N. C., 632; *Small v. Utilities Co.,* 200 N. C., 719, a question of fact was presented to be answered by the jury in the light of the intelligence, age and capacity of the plaintiff. *Alexander v. Statesville,* 165 N. C., 527.

We have examined the other exceptive assignments of error in the record and find no prejudicial error.

No error.