R. L. VAUGHN v. H. C. BOOKER AND JACK BOOKER.

(Filed 1 May, 1940.)

**1. Automobiles § 25—**

A father cannot be held liable for the negligent operation of his car by his son under the family purpose doctrine when the accident occurs in a locality in which the son is expressly forbidden to drive, there being no liability on the part of the father merely by reason of the relationship, his liability under the family car doctrine being the liability of a principal.

**2. Appeal and Error § 6g—**

Appellant may not maintain an exception to the charge on the ground that it contained an expression of opinion by the court in violation of C. S., 564, when the alleged error is in favor of appellant and is therefore harmless as to him.

Appeal by plaintiff from *Frizzelle, J.,* at September Term, 1939, of Wake.

*Douglass & Douglass and Thomas W. Ruffin for plaintiff, appellant.*
*Smith, Leach & Anderson and John E. Lawrence for defendant, appellee.*

Schenck, J.   This is an action to recover damages resulting from personal injuries alleged to have been negligently inflicted in an automobile collision in the city of Raleigh.

Verdict was rendered to the effect that the plaintiff was injured by the negligence of the defendant Jack Booker and damages were assessed. The second issue, "Was the plaintiff injured by the negligence of the defendant H. C. Booker, as alleged in the complaint," was answered in the negative.   From judgment that the plaintiff recover the amount assessed of the defendant Jack Booker, and recover nothing of the defendant H. C. Booker, the plaintiff appealed, assigning errors.

In this action as it relates to the defendant H. C. Booker the plaintiff sought to invoke the family purpose car doctrine, and the assignments of error chiefly relied upon are to the charge relative to a single question presented in the application of this doctrine, namely, may the owner of an automobile, maintained and used as a family car and driven by his minor children who lived with him, for their convenience and pleasure, limit the use of such car to given localities, or prohibit its use in a certain locality, and thereby defeat liability for injuries negligently inflicted by his minor son while driving the automobile in the prohibited locality?

The family purpose car doctrine is clearly stated by *Hoke, J.,* in *Robertson v. Aldridge,* 185 N. C., 292, in these words: "True, it is the recognized principle that a parent is not ordinarily responsible for the torts of a minor child, solely by reason of the relationship, and that generally liability will only be imputed on some principle of agency or employment.  *Brittingham v. Stadiem,* 151 N. C., 299.   Accordingly, it has been directly held with us in case of injury caused by negligent use of automobiles that no recovery can be sustained when it is made to appear that the machine was being operated by the minor at the time for his own convenience or pleasure, contrary to the parent's orders or without authority from the parent, either express or implied, *Linville v. Nissen,* 162 N. C., 96; *Bilyeu v. Beck,* 178 N. C., 481.   But it is also held in our opinions by the great weight of authority that where a parent owns a car for the convenience and pleasure of the family, a minor child who is a member of the family, though using the car at the time for his own purposes with the parent's consent and approval, will be regarded as

representing the parent in such use, and the question of liability for negligent injury may be considered and determined in that aspect. *Clark v. Sweaney,* 176 N. C., 529; *S. c.,* 175 N. C., 280; *Griffin v. Russell,* 144 Ga., 275; *Hutchins v. Haffner,* 63 Col., 365; *Stowe v. Morris,* 147 Ky., 386; *McNeal v. McKain,* 33 Okla., 449; *Birch v. Abercrombie,* 74 Washington, 486."

In the case at bar the defendant H. C. Booker admitted that he was the owner of the automobile and that it was used and driven by the members of his family, including his son Jack, with his consent for their convenience and pleasure, but testified that while at the time of the collision under consideration his son had his permission and consent to drive the automobile, he was expressly forbidden by him to drive it in the city of Raleigh. This testimony was corroborated by other evidence.

The court charged the jury: "I charge you further, if you are satisfied upon the evidence that Jack Booker took that car from his father under an express and specific instruction that he could not drive it to Raleigh and thereafter he did drive it to Raleigh in violation of that instruction then he could not have been operating within the family purpose doctrine and it would be your duty to answer the (second) issue 'No.'" This instruction together with other instructions of similar import are made the bases of exceptive assignments of error.

It will be noted that the very genesis of the family purpose car doctrine is agency, and that the question here presented is governed by the rules of principal and agent and of master and servant.

It was held by this Court in *Linville v. Nissen,* 162 N. C., 96, that a parent is not liable for torts of his minor son done without his knowledge and consent; and where under such circumstances the son has taken an automobile owned by his father, and by his negligent or reckless driving has caused damages, the father is not responsible therefor by reason of the relationship; and to make him so it must appear that the son was in some way acting in a representative capacity, such as would make the master responsible for the servant's tort.

It would seem to logically follow that if the lack of consent of the father to the son to operate the car at all would defeat liability of the father for the torts of the son in driving the car anywhere, that the lack of such consent, or the prohibition, to drive the car in a certain locality would defeat liability for torts committed in the prohibited locality. In *Watts v. Lefler,* 190 N. C., 722, *Clarkson, J.,* says: "The father—the owner of the automobile and the head of the family—has the authority to say by whom, when and *where* his automobile shall be driven, or he can forbid the use altogether."

We have held that where there is a substantial deviation by the driver from the purpose for which authority to operate an automobile is given,

16—217

the liability of the owner of the automobile for the torts of the driver committed during such deviation is defeated. In speaking to this principle as it applies to the relationship of master and servant, which is but a species of agency, *Winborne, J.,* in *Parrott v. Kantor,* 216 N. C., 584, says: "With respect to departure from employment, without consent of owner, 'the general rule is that a servant in charge of his master's automobile, who, though originally bound upon a mission for his master, completely forsakes his employment and goes upon an errand exclusively his own, and while so engaged commits a tort, does not thereby render the master answerable for such tort under the rule of *respondeat superior.*' 5 Blashfield's Cyc. of Automobile Law & Practice, section 3029. . . . The trend of judicial decision, however, is that the departure commences when the servant definitely deviates from the course *or place* where in the performance of his duty he should be. While there is conflict of authority on the subject, better reason supports the view that after a servant has deviated from his employment for purposes of his own, the relation of master and servant is not restored until he returns to the path of duty, where the deviation occurred, or to *some place* where in the performance of his duty he should be."

We conclude, therefore, that H. C. Booker, as owner of the car and principal, had the legal right to prohibit his son Jack, as driver and agent, to operate his car in the city of Raleigh, and that the driving of his car in a locality so prohibited would be a deviation from the authority conferred and beyond the scope of his agency; and that torts committed by the driver while operating the car in a locality in disobedience of instructions from the owner would not be imputed to the owner. Concluding as we do, it follows that the assignments of error relating to this phase of the case cannot be sustained.

The other exceptive assignment of error assails the statement of his Honor in his charge that the defendant "frankly stated on the witness chair that he was the owner of the car being operated that evening by Jack Booker and that it was a family purpose car, etc.," as being an expression of opinion by the court in violation of C. S., 564. However this may be, the facts referred to were alleged and sought to be proven by the plaintiff, and if the statute was violated the error was in favor of the appellant, and therefore harmless. The assignment cannot be sustained.

On the record we can find

No error.