MRS. OLLIE C. ELLIOTT v. BOBBY KILLIAN AND A. E. KILLIAN AND A. E. KILLIAN AS GUARDIAN AD LITEM FOR BOBBY KILLIAN.

(Filed 30 June, 1955.)

**1. Automobiles § 25—**

The "family purpose car doctrine," which is based upon the principle of *respondeat superior*, is well settled law in North Carolina.

**2. Automobiles § 24 ½ e—**

Where plaintiff alleges agency and introduces proof that at the time of the accident the automobile was registered in the name of the father of

the driver, plaintiff makes out a *prima facie* case of agency by virtue of G.S. 20-71.1, sufficient to overrule the father's motion to nonsuit, and to support, but not require, a verdict against him upon the issue of agency.

**3. Automobiles § 25—Evidence of agency under family car doctrine held sufficient.**

Evidence tending to show that the automobile in question was registered in the name of the father, that the father signed a note for the balance of the purchase price and permitted the son to drive the car whenever he wanted to, that a policy of liability insurance on the car was issued in the father's name as owner, that the father drove the car upon occasion and that his wife and daughter rode therein with the son driving, *is held* sufficient to be submitted to the jury on the issue of the liability of the father under the family purpose doctrine, notwithstanding the father's evidence tending to show that the son bought the car with his own money and that the title and insurance were taken out in the father's name solely because of the son's minority.

**4. Trial § 30—**

Defendant is not entitled to a directed verdict as a matter of law upon an issue upon which the evidence is conflicting.

APPEAL by the defendant A. E. Killian from *Crissman, J.,* January Term 1955 of FORSYTH.

Civil action for damages for personal injuries caused by the alleged actionable negligence of the defendant Bobby Killian, an infant, in the operation of an alleged family purpose automobile owned by his father, the defendant A. E. Killian.

The jury found in response to the first, third and fourth issues that plaintiff was injured by the negligence of the defendant Bobby Killian, as alleged in the complaint, that she was not guilty of contributory negligence, and was entitled to recover damages in a substantial amount. The second issue submitted to the jury with their answer thereto is as follows: "Was the defendant, A. E. Killian, the owner of the 1940 Ford automobile driven by the defendant, Bobby Killian, on December 12, 1953, which was involved in this collision; did he keep and maintain it for the use and convenience of members of his family, and was the defendant, Bobby Killian, operating the automobile at the time of the collision within the scope of such purpose? Answer: Yes."

Judgment was entered upon the verdict.

The defendant A. E. Killian appeals as an individual defendant, and not in his representative capacity as guardian *ad litem* for his son, the defendant Bobby Killian, and assigns error.

*Deal, Hutchins & Minor for Plaintiff, Appellee.*

*Ratcliff, Vaughn, Hudson, Ferrell & Carter for Defendant, Appellant.*

PARKER, J.   We have before us for determination only the appeal of
A. E. Killian as an individual.   There is no appeal by the defendant
Bobby Killian.

Two exceptive assignments of error are set out in the defendant
A. E. Killian's brief.   One, did the court err in overruling the motions
for judgment of nonsuit made by the defendant A. E. Killian as an
individual defendant at the close of the plaintiff's evidence, and re-
newed by him at the close of all the evidence?   Two, did the court err
in denying the motion of the defendant A. E. Killian for a directed
verdict on the second issue submitted to the jury?

A. E. Killian's other exceptions appearing in the Record, but not
set out in his brief, are taken as abandoned by him.   Rule 28, Rules
of Practice in the Supreme Court, 221 N.C. 544.

No motions for judgment of nonsuit were made by the defendant
Bobby Killian.   It would seem that there was ample evidence of his
actionable negligence to carry the case to the jury.   The charge of the
court is not brought forward in the Record.

The evidence, considered in the light most favorable to the plaintiff,
tends to show the following:  On 12 December 1953 plaintiff was struck
and severely injured by a 1940 Ford automobile, Motor No. 18-5512227,
driven by the defendant Bobby Killian, a 17-year old son of the de-
fendant A. E. Killian.   A North Carolina Certificate of Title on this
automobile had been issued to Mrs. Mattie Adams by the State De-
partment of Motor Vehicles.   On the back of this Certificate of Title
is an assignment of title on this automobile on 12 July 1952 by Mrs.
Adams to A. E. Killian, which assignment was subscribed and sworn to
by Mrs. Adams before a Notary Public.   On the same date A. E.
Killian subscribed and swore to before a Notary Public an application
to the State Department of Motor Vehicles for a new Certificate of
Title on this Ford automobile.   In this application A. E. Killian stated
he was the purchaser of this Ford automobile.   On 13 July 1952 the
State Department of Motor Vehicles issued to A. E. Killian a Certifi-
cate of Title on this Ford automobile, pursuant to his application.   On
12 December 1953 this Ford automobile was registered in the name of
A. E. Killian in the records of the State Department of Motor Ve-
hicles.   A. E. Killian testified that a Certificate of Title to this Ford
automobile, which his son, Bobby Killian, was driving when it struck
plaintiff, was issued to him.

A. E. Killian took out a policy of liability insurance on this Ford
automobile in his name as owner.   His witness, J. Theron Walsh, testi-
fied that he wrote this policy in A. E. Killian's name, and the classifica-
tion was "C," which required a higher rate premium.   This classifica-
tion means that the automobile was used by a young driver as prin-

cipal operator. The premium on this policy had been paid three times: twice by Bobby Killian, once by A. E. Killian.

Bobby Killian was attending a local school, lived in his father's home, and his father provided for him room and board. This automobile was kept at A. E. Killian's home. A. E. Killian testified he didn't have any idea as to how many times he had driven this car a short distance. He also testified: "I never refused to let Bobby use that car when he wanted to." A. E. Killian's wife and 15-year old daughter, who lived with her parents, have frequently ridden in this automobile with Bobby Killian driving—the daughter 95% of the time she rode in it was going to school.

The purchase price of this automobile was $374.00. Bobby Killian paid $224.00 of the purchase price, and A. E. Killian signed a note for the remainder, and paid some on the note. A. E. Killian has stood for repairs on this automobile.

A. E. Killian's evidence tends to show these facts: That Bobby Killian paid nearly all of the purchase price of this automobile from his earnings delivering papers. That A. E. Killian signed a note for the remainder of the purchase price of the automobile because of his son's infancy. That for the same reason title to this automobile was taken in his name. That it was his son's automobile and he exercised no control over it. That Bobby Killian paid for its operation and repairs, and two of the three insurance premiums. That he used it only with his son's permission. That his wife and daughter rode in it only when Bobby was driving.

The "family purpose car doctrine" is well settled law in North Carolina. *Matthews v. Cheatham*, 210 N.C. 592, 188 S.E. 87; *Ewing v. Thompson*, 233 N.C. 564, 65 S.E. 2d 17.

This Court said in *Vaughn v. Booker*, 217 N.C. 479, 8 S.E. 2d 603: "The very genesis of the family purpose car doctrine is agency, and that the question here presented is governed by the rules of principal and agent and of master and servant." As set forth in the early case of *Tyree v. Tudor*, 181 N.C. 214, 106 S.E. 675, and as so clearly stated by *Hoke, J.*, in *Robertson v. Aldridge*, 185 N.C. 292, 116 S.E. 742, this doctrine is based upon the principle of *respondeat superior*.

G.S. 20-71.1 reads in part: "(b) Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action, be *prima facie* evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment; Provided, that no person shall be allowed the benefit of this section unless he shall bring his action within one year after his

cause of action shall have accrued." Plaintiff was injured on 12 December 1953. She commenced this action 26 January 1954.

"G.S. 20-71.1 establishes a rule of evidence, but does not relieve a plaintiff from alleging and proving negligence and agency." *Osborne v. Gilreath*, 241 N.C. 685, 86 S.E. 2d 462.

Plaintiff sues on the theory that the 1940 Ford automobile was a family purpose car, and that Bobby Killian was a member of A. E. Killian's family and she relies on the rule of evidence created by the part of the statute quoted above, which makes proof of the registration of this Ford automobile in the name of A. E. Killian *prima facie* evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct A. E. Killian was legally responsible.

Plaintiff has *allegata* and *probata* of negligence and agency, and her evidence shows that this Ford automobile was registered in the name of A. E. Killian at the time of plaintiff's injury. As to A. E. Killian, by virtue of G.S. 20-71.1, this makes out a *prima facie* case of agency which will support, but does not require a verdict against him upon the doctrine of *respondeat superior*, for any damages assessed against Bobby Killian. *Hartley v. Smith*, 239 N.C. 170, 70 S.E. 2d 767; *Spencer v. Motor Co.*, 236 N.C. 239, 72 S.E. 2d 598.

If plaintiff had not had the benefit of the above statute, it would seem that she has sufficient evidence to carry her case to the jury. *Matthews v. Cheatham, supra; Goode v. Barton*, 238 N.C. 492, 78 S.E. 2d 398.

The lower court properly overruled the motions for judgment of nonsuit.

By virtue of G.S. 20-71.1, plaintiff's evidence has made out a *prima facie* case of ownership of the Ford automobile by A. E. Killian and of his responsibility for the conduct of its operation. A. E. Killian has offered conflicting evidence. Such being the case, the defendant was not entitled to a directed verdict on the second issue as a matter of law. *Perry v. Trust Co.*, 226 N.C. 667, 40 S.E. 2d 116; *Kearney v. Thomas*, 225 N.C. 156, 33 S.E. 2d 871; *R. R. v. Lumber Co.*, 185 N.C. 227, 117 S.E. 50.

The facts in the cases of *Travis v. Duckworth*, 237 N.C. 471, 75 S.E 2d 309, and *Osborne v. Gilreath, supra*, are distinguishable.

We conclude that the verdict and judgment should be upheld.

No Error.