BOYCE E. SMALL v. LOUISE THREADGILL MALLORY.

(Filed 12 June, 1959.)

**1. Automobiles § 55—**

The "family purpose doctrine" applies to liability for the operation of an automobile in this State.

**2. Same— Evidence held sufficient under family purpose doctrine to take issue of wife's liability for negligent driving of husband to jury.**

Evidence tending to show that the automobile in question was purchased by the wife and the initial payment made by her from her separate earnings, and the car was maintained for pleasure and convenience of both husband and wife *held* sufficient to be submitted to the jury under the family purpose doctrine on the question of the wife's liability for the negligent operation of the car by the husband, notwithstanding evidence that the wife had not worked for some three years prior to the accident and that the money for installment payments for the financing and refinancing of the car was furnished by the husband.

BOBBITT, J., dissenting.

APPEAL by defendant from *Crissman, J.,* at January 19, 1959 Civil Term of GUILFORD— Greensboro Division.

Civil action without formal pleadings commenced by summons issued 8 December, 1958, out of Municipal-County Court, Civil Division of Guilford, commanding the sheriff or other lawful officer of Guilford County to summon Edward R. Mallory and Louise T. Mallory to appear on 16 December, 1958 at 2 o'clock P. M., before the Judge of the Municipal-County Court, Civil Division in the City Hall, Greensboro, N. C., to answer the complaint of Boyce E. Small

for the non-payment of the sum of $451.14 with interest thereon from 20 December, 1957, due by tort and demanded by plaintiff,— a brief statement of the cause of action being as follows:

"The sum demanded represents the damages to the Buick automobile of the plaintiff resulting from a collision on Redding Street, High Point, N. C., between said Buick automobile and a Cadillac automobile operated by defendant Edward R. Mallory and owned by defendant Louise T. Mallory, said collision being proximately caused by the negligence of the defendant Edward R. Mallory in operating said Cadillac automobile on the left and wrong side of the street."

The sheriff returned summons showing service on defendant Louise T. Mallory— but not on Edward.

The record contains certificate of return to notice of appeal from Municipal-County Court to Superior Court of Guilford County showing these proceedings in said Municipal-County Court: "The plaintiff alleges negligence of the defendant, Edward R. Mallory, resulting in damages. The defendant, Louise T. Mallory, was served; failed to appear. Plaintiff takes nonsuit as to Edward R. Mallory.

"Judgment: That the plaintiff have and recover judgment of the defendant Louise T. Mallory the sum of Four Hundred Fifty-One and 14/100 Dollars" with interest and costs as indicated; and that on 16 December, 1958, defendant Louise T. Mallory gave notice of appeal, and the process, pleadings, and other papers in the case are sent.

Upon trial in Superior Court plaintiff testified that Edward R. Mallory was driving the Cadillac automobile with which his (plaintiff's) Buick automobile collided, on the left or wrong side of the street—producing the damage of which complaint is made.

And Edward R. Mallory as witness for plaintiff testified substantially as follows: " * * * At the time of this accident I lived at 222 Gordy Street. This makes three years I have been working at Marietta Paint and Color Company. I am the husband of the defendant, Louise T. Mallory, and have been married 13 years. I do not have any children, she had one daughter * * * who is about 23 years old. She does not live in the home with me and my wife * * * she was not living with me at the time of this accident. She was in school * * * and would come home and spend the summer. At the time of the accident I was driving a 1952 Cadillac automobile, which was owned by my wife for about three years. Yes, I paid money on the car. It was not purchased for cash,— it was financed. I made monthly payments on the car; she is not working. I have to * * * At the time she had been working * * * she ain't worked none for about three

years. She was working at the time the car was bought. I ain't signed no mortgage on the automobile. I had been nowhere on the occasion of the collision. I was leaving home and was going over to the Marietta Paint and Color Company. I was not going to work. I was going to get my money * * * my pay check. Yes, my wife drives. She uses the car and I use the car too. Sometimes I drive the car to work in the mornings, and sometimes I walk. I haven't got my license now. I ain't had a license for about a year. The purpose my wife uses the car is to go to town or anywhere else. When she was working she used the car just like I do. Sometimes she carried me to work and sometimes I took her to work. Both of us used the car. This child she had did not use my automobile when she lived with me during the summer * * * My wife was not working at the time of the accident. She ain't worked none in about three years. Both of us were working at the time the automobile was bought. When both of us were working, we both contributed to paying the household expenses and bills and we both paid together when we would buy certain things that we particularly wanted. She paid the taxes on the car. I buy gas and she buys gas. Me and her both pay the repair bills when she was working, but I pay for all now because she ain't working. I am living with my wife at this time, always have * * * I could use the car any time that I wanted to. At the time of the accident I was driving on my right-hand side of the road, but it was a slick road and I just hit my brake and that pulled me into it. Yes, during the time of the accident I was on the wrong side of the road. My front wheels slid on that side of the road * * * Yes, I made payments on the car. I gave her the money to make them. Yes, the car was refinanced."

Plaintiff offered no other evidence as to ownership and use of the Cadillac automobile.

And under charge of the court the case was submitted to the jury upon these issues which were answered as indicated:

"1. Was the plaintiff's automobile damaged as a result of the negligence of Edward R. Mallory, as alleged in the summons? Answer: Yes.

2. Was the Cadillac automobile operated by Edward R. Mallory owned, maintained and kept by the defendant Louise T. Mallory for the use, convenience and pleasure of her family, and was Edward R. Mallory operating said Cadillac automobile at the time of the collision within the scope of such purpose? Answer: Yes.

"3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $450.00."

Judgment was entered in accordance therewith, and defendant excepted thereto and appeals therefrom to Supreme Court and assigns error.

*Stern & Rendleman for plaintiff, appellee.*
*Martin & Whitley for defendant, appellant.*

WINBORNE, C. J. The sole question presented for decision on this appeal challenges the correctness of the ruling of the trial court in overruling defendant's motion for judgment as of nonsuit at the close of plaintiff's evidence. In connection therewith it is appropriate to say that the "family purpose doctrine" with respect to automobiles has been adopted as the law in this jurisdiction, and applied in numerous cases— among which are these: *Robertson v. Aldridge,* 185 N.C. 292, 116 S.E. 742; *Allen v. Garibaldi,* 187 N.C. 798, 123 S.E. 66; *Watts v. Lefler,* 190 N.C. 722, 130 S.E. 630; *Grier v. Woodside,* 200 N.C. 759, 158 S.E. 491; *Lyon v. Lyon,* 205 N.C. 326, 171 S.E. 356; *McNabb v. Murphy,* 207 N.C. 853, 175 S.E. 718; *Matthews v. Cheatham,* 210 N.C. 592, 188 S.E. 87; *Vaughn v. Booker,* 217 N.C. 479, 8 S.E. 2d 603; *Ewing v. Thompson,* 233 N.C. 564, 65 S.E. 2d 17; *Goode v. Barton,* 238 N.C. 492, 78 S.E. 2d 398; *Elliott v. Killian* 242 N.C. 471, 87 S.E. 2d 903; *Thompson v. Lassiter,* 246 N.C. 34, 97 S.E. 2d 492; *Bumgarner v. R. R.,* 247 N.C. 374, 100 S.E. 2d 830.

This Court has said in *Vaughn v. Booker, supra,* "The very genesis of the family purpose car doctrine is agency, and that the question here presented is governed by the rules of principal and agent and of master and servant."

Moreover, in *Watts v. Lefler, supra,* this Court, in opinion by *Clarkson, J.,* quotes with approval this statement from Berry on Automobiles (4th Ed.) Sec. 1280: "The rule is followed in some of the States in which the question has been decided, that one who keeps an automobile for the pleasure and convenience of himself and family, is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of the family."

Moreover, in *Matthews v. Cheatham, supra,* the Court quotes with approval from Huddy's Encyclopedia of Automobile Law (9th Ed.) Vol. 7-8 p. 324, this rule: "The person upon whom it is sought to fasten liability under the 'family car' doctrine must own, provide, or maintain an automobile for the general use, pleasure, and con-

venience of the family. Liability under this doctrine is not confined to owner or driver. It depends upon control and use." To like import are later decisions cited above.

In the light of these principles applied to the evidence offered by plaintiff on the trial below, taken in the light most favorable to plaintiff, and giving to him the benefit of every reasonable inference and intendment, this Court is constrained to hold that a case against defendant Louise T. Mallory is made for submission to the jury, even though it is not as clear and forceful as it might be.

Hence in the judgment from which appeal is taken there is

No Error.

BOBBITT, J., dissenting. The record discloses this novel situation: Plaintiff's Buick was damaged by Edward R. Mallory's negligent operation of the 1952 Cadillac. Mallory, named as a defendant, was not served; and, as to him, judgment of voluntary nonsuit was entered at trial in the Municipal-County Court. Judgment was entered in said court against Louise T. Mallory, Mallory's wife. She appealed; and, at trial in superior court, plaintiff offered Mallory as his witness. Mallory's testimony is the only evidence relevant to the liability of Louise T. Mallory for his negligence.

Mallory's testimony includes the following: His wife owned the Cadillac "for about three years." She paid the taxes on the car. Both were working when the car was purchased. When she was working both bought gas and paid repair bills. After his wife stopped working, all bills were paid by Mallory. He testified: "She ain't worked none for about three years."

The Cadillac was not purchased for cash; it was financed and refinanced. The details of these transactions are not shown. There is a faint inference (no explicit testimony) that Mrs. Mallory, before she stopped working, may have made some payment on account of the purchase price. After she stopped working, Mallory made all payments.

Presumably, all legal documents (none in evidence) indicate ownership by appellant. Mallory testified: "I ain't signed no mortgage on the automobile." Again: "Yes, I made payments on the car, I gave her the money to make them."

The evidence, considered in the light most favorable to plaintiff, suffices to show Mrs. Mallory's ownership of the Cadillac subject to such liens as might be outstanding. Even so, when the collision occurred, and for some two years prior thereto, possession was retained solely on account of payments made by Mallory. Under these

circumstances, it can hardly be said that Mrs. Mallory had the final say as to the use and control of the car.

Irrespective of technical ownership, it seems to me that, as of the date of collision and for some two years prior thereto, Mallory *provided and maintained* the car for his own and family use. A realistic evaluation of the evidence indicates that through financing and refinancing he was making payments, similar to rentals, to retain the possession and use of the car. Under these circumstances, I do not think Mrs. Mallory is liable under the "family-purpose doctrine" or otherwise for Mallory's negligent operation of the car.

Whether Mallory would be liable for his wife' negligent operation thereof is another matter. In *Matthews v. Cheatham,* 210 N.C. 592, 188 S.E. 87, the minor daughter owned the car (won by her in a newspaper contest) but it was kept and maintained by her father for family use; and under the "family-purpose doctrine," the father was held liable for his wife's negligent operation of said car.

Hence, in my opinion, appellant's motion for judgment of involuntary nonsuit should have been granted.