ELLEN A. BIBBINS

*v.*

THE CITY OF CHICAGO.

193   359
204   ²526

*Opinion filed December 18, 1901.*

1. APPEALS AND ERRORS—*when error in refusing to permit a witness to testify is not cured.* Error in refusing, for some unexplained reason, to permit a most important witness for the plaintiff to testify on a material and contested question of fact, is not cured by the fact that other witnesses were allowed to testify to same matter.

2. EVIDENCE—*when ordinances are admissible on question of notice to city.* In an action against a city for injuries received by plaintiff by falling over an obstruction on a sidewalk which it is alleged had been permitted to remain on the walk for several months, ordinances making it the duty of policemen to endeavor to remove obstructions from sidewalks or report the same to the department of public works are admissible on the question of notice, unless such notice is not controverted.

3. INSTRUCTIONS—*when instruction in action against a city for negligence is erroneous.* It is error for the court to single out the least important fact tending to prove negligence on the part of the defendant and base the instructions upon it as if it were the only act of negligence complained of.

*Bibbins v. City of Chicago,* 94 Ill. App. 319, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

F. S. McELHERNE, and A. B. MELVILLE, for appellant.

ANDREW J. RYAN, City Attorney, (JAMES J. KELLY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant brought suit in case against the city of Chicago to recover for personal injuries alleged to have been sustained by her on February 5, 1898, by falling upon the sidewalk on the north side of Wilson avenue, just east of its intersection with Lincoln street, in said city.

The declaration is unskillfully drawn, but the substance of the charge is, that at the place where the accident happened large quantities of dirt, sand, boards, blocks and other rubbish had several months before the accident been thrown and deposited on said sidewalk in such a manner and to such an extent as to obstruct and make the same unsafe for pedestrians passing over it, and that said obstructions remained thereon from, to-wit, November 5, 1897, to February 5, 1898, (the time of the accident,) and that by reason of the accumulation, in the meantime, of snow and ice upon such piles of rubbish and obstructions the sidewalk became more unsafe and dangerous to walk upon; that the city had notice of such unsafe and dangerous condition of the sidewalk, but negligently suffered and permitted the same to remain in such unsafe and dangerous condition, after such notice, until the happening of the injury complained of; that the plaintiff, while passing over such sidewalk so obstructed, at the date mentioned, and while using due care for her own safety, unavoidably tripped and stumbled upon and over such obstructions and was thereby thrown violently down upon the same and upon said sidewalk, and that her hip-bone was thereby broken, her back and spine injured, and that she was otherwise severely and permanently hurt. The general issue was pleaded, trial was had, a verdict of not guilty returned, motion for a new trial overruled and a judgment for the defendant rendered. The plaintiff appealed, and the Appellate Court affirmed the judgment but granted a certificate of importance and an appeal to this court.

It is assigned as error that the trial court refused to admit proper evidence offered by the plaintiff. The record clearly sustains this assignment of error. The sidewalk was of cement, and not of itself defective, but the evidence tended to prove that in the course of the construction of a building adjoining the sidewalk, large quantities of dirt, pieces of brick, wood and other rubbish

had been thrown upon the sidewalk in the fall of 1897, to such an extent that in some places it was more than a foot in thickness; that at the place in question this rubbish covered the whole of the walk but was thickest at the outer edge; that the surface of this deposit was broken and uneven; that upon this obstruction ice and snow accumulated prior to the accident, and the sidewalk was dangerous to pass over. It is not contended by counsel for appellee, in their argument, that the city did not have notice of its condition, but the contention is that it was not in fact unsafe and that the alleged obstructions did not exist, and that the injury was the result of the lack of proper care on the part of the plaintiff. Of course, these controverted questions of fact have been settled in favor of appellee by the Appellate Court, but it is important to consider whether the result may not have been reached because of erroneous rulings of the trial court.

The most seriously contested question of fact was whether the sidewalk was obstructed by dirt and rubbish, as alleged. To prove her allegation, the plaintiff introduced five witnesses besides herself, and the defendant seven witnesses, but, for some reason wholly unexplained by the record or by counsel in their argument, the court refused to permit one of plaintiff's witnesses, W. W. Cameron, who, as he testified, had passed by or over this sidewalk nearly every day for many months, to testify whether or not there were accumulations of dirt and rubbish on the sidewalk at the place in question at and before the time of the accident, and the court struck out, on motion of appellee, certain answers of this witness which tended to prove the existence of the obstructions complained of. This was error, and although the court allowed other witnesses for the plaintiff to testify to the same matter, the error was not cured, as contended by appellee's counsel, because it appears that by this erroneous ruling the plaintiff was deprived of the testimony of a most important witness on a material and

contested question of fact in the case. Several witnesses for the defendant testified that the sidewalk had been cleared of all rubbish long before the accident, and that there was none on it when the plaintiff was injured.

The court refused also to allow the plaintiff to prove certain ordinances of the city of Chicago making it the duty of the police of the city to endeavor to remove obstructions from sidewalks, streets and alleys, and in case they cannot be readily removed, and in case of defects in sidewalks, to make report of them to the department of public works. It appeared that the sidewalk in question, although within the city limits, was six miles from the city hall, the headquarters of the city government, and unless notice to the city was uncontroverted we think the ordinances were proper evidence as bearing upon the question of notice. One of the city's witnesses was the policeman who reported the accident. He testified that there were no obstructions upon the sidewalk in question except snow and ice.

Upon a careful consideration of the rulings of the court we are of the opinion that the plaintiff was unduly and improperly restricted in adducing her evidence, not only as to evidence bearing upon the question of the existence of the obstructions on the sidewalk and notice thereof to the city, but upon the question of the observance of proper care on her part. It is not disputed that the plaintiff received the serious and permanent injury alleged, and if it was caused by the negligence of the city and while she was exercising due care on her part, as alleged, she should be permitted to make it so appear. In all of the instructions given to the jury on behalf of the defendant the testimony tending to prove that the sidewalk was obstructed otherwise than by ice and snow was ignored, and among such instructions was the following:

"The jury are instructed that although you may believe, from the evidence, that the plaintiff's alleged in-

jury was caused by an accumulation of ice or snow which amounted to an obstruction to travel, yet such obstruction, in itself, will not render the city liable for such alleged injury.   In order to find the city of Chicago guilty of negligence on account of such obstruction you must believe, from the evidence, not only that such obstruction existed at the time and place of the accident, but you must also believe, from a preponderance of the evidence in this case, that the city of Chicago either had direct notice of such obstruction, or that the place had been so obstructed for a time sufficiently long for the city of Chicago, in the exercise of reasonable care, to have discovered it and removed it before the accident."

This instruction was calculated to mislead the jury. There was little or no controversy as to the accumulation of snow and ice upon the sidewalk—defendant's witnesses testified to that; but the real controversy was as to the alleged obstruction, consisting of dirt and *debris* deposited there from the building which had then been recently constructed, adjacent to the sidewalk.   It was error for the court to single out this the least important fact tending to prove negligence of the city and base the instructions upon it, as if it were the only act of negligence complained of; nor have we been referred to any other instruction which could have had the effect of curing the error mentioned.

For the errors indicated, the judgments of the Appellate and superior courts will be reversed and the cause remanded to the superior court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*