JOHN F. DAVIS & SON v. L. A. THORNBURG et al.

(Filed 25 November, 1908).

1. Negligence — Traction Engine — Highways — Nuisance—Reasonable Time—Questions for Jury.

In a suit · for damages occasioned by plaintiff's horse being frightened by a broken down traction engine left to one side of a public highway, it is for the jury to say, upon the question of negligence, whether the defendant delayed an unreasonable length of time in having it repaired and in taking it away.

2. Appeal and Error—Exceptions—Evidence Rejected—Harmless Error.

When the damages sought are those arising from a fright received by plaintiff's horse caused by a traction engine left by defendant to one side of a public highway, it is harmless error for the trial Judge to exclude evidence tending to show the gentle nature of the horse, when uncontradicted evidence to the same effect was subseqeuntly admitted.

ACTION tried before *Moore, J.,* and a jury, February Term, 1908, of GASTON.

The Court submitted these issues:

(1). Were the plaintiff's horse, buggy and harness injured by the negligence of the defendants, as alleged in the complaint? Answer: No.

(2). Did plaintiff's agent, by his own negligence, contribute to the injury of said horse, buggy and harness, as alleged in the answer? Answer: ——.

(3). What damages, if any, are plaintiffs entitled to recover? Answer: ——.

From the judgment rendered the plaintiffs appealed.

*O. F. Mason* and *A. G. Mangum* for plaintiffs.
Defendants not represented in this court.

BROWN, J. The horse of plaintiff, driven by his son, took fright at a traction engine of defendants, and backed off a bridge with buggy attached, and was injured. The evidence tends to prove that the engine had broken down near the foot

of the bridge, and was left on the side of the public road from Saturday at 5 P. M. until the following Tuesday morning. It is contended by the plaintiffs that the engine was left on the public highway an unreasonable length of time, and that it thereby became an obstruction and nuisance.

There is no evidence whatever in the record that the engine so obstructed the road as to prevent the passage of vehicles, although it may have been such an object as tended to frighten some horses. So would a broken down coach, top wagon, or the like. A traction engine, operated and guided by the owner or his agent, may as lawfully traverse the public highway as plaintiff's horse and buggy. Revisal 1905, sec. 2727. It is not a nuisance *per se,* but a highly useful instrumentality among modern labor-saving machines. If it breaks down on the highway it becomes the duty of the owner to remove it, but he is allowed a reasonable time within which to do so. What would be a reasonable time depends upon circumstances and is not, under the evidence and circumstances of this case, exclusively a question of law. *Claus v. Lee,* 140 N. C., 552.

As the engine broke down Saturday afternoon at a late hour and Sunday intervened, the defendants used only one work day in getting it repaired. This delay would not appear *prima facie* to be unreasonable. His Honor left the matter very properly to the jury, who found for the plaintiff.

The exception to the ruling of the Court refusing to allow plaintiff to prove that his animal was a reasonably gentle animal cannot be sustained. Such question was undeniably proper, but we think the plaintiff received the full benefit of such evidence in the subsequent uncontradicted testimony which proves that his mare was an animal of gentle qualities.

We think there is no merit in the exceptions to evidence, and that the learned Judge put the case to the jury in a charge full, fair and free from error.

No error.