GORDON S. EAVES, By His Next Friend, G. E. EAVES, v. T. C. COXE
AND BILLY COXE.

(Filed 21 September, 1932.)

1. **Jury B b—After granting motion for removal for convenience of witnesses court may not order that jury be drawn from another county.**

    Where the court grants defendant's motion for removal of the action from the county of the plaintiff's residence to the county in which the personal injury occurred for the convenience of witnesses, C. S., 470, the answer not having been filed and no issues having been joined, the court has no further discretionary power and may not enter a further order that the jury be drawn from another county.

2. **Parent and Child A a—Evidence that car other than one in question was family car held incompetent on issue of father's liability.**

    In an action against a father to recover damages for a personal injury alleged to have been caused by the negligence of his son while driving a family car, testimony tending to show that another car owned by the father other than the one in question was a family car has no probative force and is irrelevant to the issue.

3. **Highways B n — Evidence that road was dusty and driver's vision obscured thereby held competent in pedestrian's action for damages.**

    In an action to recover damages for a personal injury sustained by the plaintiff, a minor, when he was struck by an automobile driven by the

defendant, evidence of the dusty condition of the highway at the place and time of the injury and that the vision of the driver was much obscured thereby is competent, and its exclusion is reversible error.

**4. Appeal and Error J e—Exclusion of competent testimony is not cured by admission of testimony of other witnesses to same effect.**

Where the trial judge excludes competent testimony of a witness the admission, without objection, of testimony of other witnesses to the same effect does not cure the error, the excepting party having the right to have the jury pass upon the weight and credibility of the testimony of the particular witness. The distinction is noted where the same witness is later allowed to testify to the same import as the excluded testimony.

ADAMS, J., not sitting.

CIVIL ACTION, before *Finley, J.,* at September Term, 1931, of ANSON.

This action was instituted in the Superior Court of Mecklenburg County on 7 August, 1930.

The plaintiff is a minor and through his father as next friend, alleged and offered evidence tending to show that on or about 1 March, 1923, the plaintiff, who was five years of age, was run over and injured by the defendant, Billy Coxe, who was negligently and recklessly driving an automobile owned by his father, T. C. Coxe. The injury occurred at about 6:30 in the afternoon. The defendant, T. C. Coxe, lived in Wadesboro, and at the time of the injury owned two automobiles. One was a Buick sedan, which was admitted to be a family car. On 4 December, 1922, the defendant, T. C. Coxe, purchased a Buick roadster. The testimony tended to show that this Buick roadster was used by the defendant, T. C. Coxe, in the prosecution of his business and was not a family car. The defendant, Billy Coxe, son of the defendant, T. C. Coxe, was a student at the University of North Carolina. He came home to spend the Easter holidays in March, 1923, and it was while he was at home from school that he took his father's roadster to the depot to meet a friend. Upon the return from the depot he struck the plaintiff.

There was evidence tending to show that the road was very dusty, and that the plaintiff was crossing the street and could not be seen in the exercise of reasonable care until he was within two feet of the automobile. The defendant, T. C. Coxe, testified that he used the Buick roadster for his own business, and that he was out of town on the day of the accident and did not know that his son was using the car until his return. He also testified that he had never authorized his son or any other member of the family to use the roadster. He further testified: "The family was prohibited from driving it without my knowledge and consent. They understood that they were restrained from using it.

. . . I know he didn't drive it with my permission unless he was with me. He possibly might have carried me to the train and come back by himself. I do not recall." The defendant, Billy Coxe, testified: "I came home on 28 March, 1923. My father was not at home when I got it. He had gone to Strother, South Carolina. I had a Ford sedan at that time and my father had a Buick car. I used the Buick car the night this accident occurred. My father did not give me permission to use it and did not permit me to use it. I just went in the garage and got it. I didn't say anything to anybody about getting it. My mother had gone to Charlotte that day to see my aunt. I didn't use the Ford because this was a new looking car, and naturally I wanted to take it. I was down town to get a girl at that time."

There was testimony on behalf of plaintiff tending to show that the defendant, Billy Coxe, had driven the Buick roadster prior to the date of the injury, and also that he had been seen driving it during the Christmas holidays of 1923, subsequent to the date of the injury.

Issues were submitted to the jury as to whether the plaintiff was injured by the negligence of Billy Coxe and by the negligence of the father, T. C. Coxe. The jury answered the issue of negligence against the defendant, Billy Coxe, but in favor of defendant, T. C. Coxe. Judgment for $5,000 upon the verdict was entered against the defendant, Billy Coxe, from which judgment both parties appealed. The plaintiff appealed by virtue of the fact that the jury answered the issue of negligence in favor of defendant, T. C. Coxe, the owner of the car, and the defendant, Billy Coxe, appealed from the judgment against him.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*Fred J. Coxe and McLendon & Covington for defendants.*

BROGDEN, J. After the injury the plaintiff and his family moved to Mecklenburg County, and this action was instituted in the Superior Court of said county on 7 August, 1930. The defendants lived in Anson County, where the injury occurred and cause of action arose. In apt time the defendants made a motion before Judge Harwood to remove the cause for trial to Anson County upon the ground of convenience of witnesses. At the hearing upon the motion for removal it was ordered that the cause be removed from the Superior Court of Mecklenburg County to the Superior Court of Anson County for trial as provided by C. S., 474. It was further ordered "that eighteen men duly qualified to act as jurors be drawn from Union County, from which the jury to try this case shall be selected, the said jury to be drawn from the jury box of said county of Union as provided by law in such cases."

The defendants were given thirty days thereafter in which to file an answer. Thereafter, at the September Term, 1931, of the Superior Court of Anson County the plaintiff moved "that a jury be ordered from Union County for the trial of this cause in accordance with the order of Judge Harwood." The trial judge denied the motion and the plaintiff excepted. Thereupon the cause was regularly tried in Anson County by a jury duly drawn in said county.

The question of law presented upon this aspect of the case is: Was Judge Finley, the trial judge in Anson County, bound by the order of Judge Harwood theretofore made in removing the case from Mecklenburg County? C. S., 470, authorizes a judge "to change the place of trial . . . when the convenience of witnesses and the ends of justice would be promoted by the change." When the motion for removal was made before Judge Harwood in Mecklenburg County the cause was not at issue, as the time for answering had not expired, and, therefore, the sole and exclusive question before the judge was the preliminary motion of removal. The statute authorized the judge to "change the place of trial" in the exercise of his sound discretion, but when the "place of trial" was changed, the statutory power of the judge was thereby exhausted and he was not authorized to exercise further control over the trial of the cause in the county to which it was removed. McIntosh, North Carolina Practice and Procedure, page 284. See, also, *Bisanar v. Suttlemyre*, 193 N. C., 711, 138 S. E., 1; *Turnage v. Dunn*, 196 N. C., 105, 144 S. E., 521.

The plaintiff's appeal is based upon an adverse verdict as to the negligence of T. C. Coxe. Exception was taken to the exclusion of evidence tending to show that the defendant, Billy Coxe, had driven other cars owned by the defendant, T. C. Coxe, prior to the injury. T. C. Coxe admitted that the other car owned by him was a family car, and his defense was based entirely upon the proposition that the Buick roadster, which his son was driving at the time of the injury, was not a family car. Manifestly, the use of a car admitted to be a family car, would have no probative value in establishing the fact that another car not being used at the time was also a family car. Certain exceptions were taken to the charge. An examination of the charge discloses that the trial judge instructed the jury correctly upon the use of the Buick roadster by Billy Coxe as such use related to the liability of his father, T. C. Coxe. Indeed, upon this aspect of the case almost the exact language of *Wallace v. Squires*, 186 N. C., 339, 119 S. E., 569, was used with reference to the liability of defendant, T. C. Coxe.

The defendant, Billy Coxe, excepted to the exclusion of testimony with reference to the dusty condition of the road at the time of the injury.

A witness for defendant was asked: "State in your opinion, on that particular night, in the condition the road was, the dust, could you have seen a child in front of the car standing still?" He was further asked: "What were the conditions along there?" The witness would have answered: "Mighty bad, couldn't hardly see at all for the dust." Again he was asked: "Could you tell from where you were at the depot anything about the dust in front of the Eaves house before you left the depot?" The witness would have answered: "It was awful dusty. I had to stop to let it settle down before I could go on. It was awful dusty there in front of the Eaves house. The road was not paved there and as well as I remember it had been ploughed up recently and there was about two inches of dust." A motion was made to strike out the foregoing testimony as to the condition of the road. The motion was allowed and the testimony was stricken out, and the defendant excepted. Manifestly the evidence descriptive of the physical condition of the road at the time of the injury was competent. The plaintiff however, earnestly insists that other witnesses, both for the plaintiff and the defendants, testified with respect to the dusty condition of the road without objection, and that, therefore, the defendant had the benefit of such testimony. Consequently the question of law is: If competent testimony of a witness is excluded by the trial judge, does the fact that similar testimony from other witnesses is admitted in evidence, render the ruling harmless?

It is clear that this Court will not grant a new trial for excluding competent testimony of a witness when it appears that the same witness gave substantially the same testimony without objection in other portions of the examination. *Baynes v. Harris,* 160 N. C., 307, 76 S. E., 230. There is an expression in *Davis v. Thornburg,* 149 N. C., 233, 62 S. E., 1088, as follows: "Such question was undeniably proper, but we think the plaintiff received the full benefit of such evidence in the subsequent uncontradicted testimony which proved that his mare was an animal of gentle quality." Apparently this excerpt supports the contention of plaintiff, but an examination of the original record discloses that the "subsequent uncontradicted testimony" referred to came from the same witness and not from other witnesses. See, also, *Burns v. R. R.,* 125 N. C., 304, 34 S. E., 495, and *Ledford v. Lumber Co.,* 183 N. C., 614, 112 S. E., 421, dealing with the admission of improper evidence. Obviously if a party offers the competent testimony of a given number of witnesses, but the court excludes the testimony of one, even though the testimony of the others is admitted without objection, notwithstanding the offering party is entitled to the credibility and weight of testimony of the excluded witness. Otherwise the total weight and credibility of the testimony would be reduced for the reason that a jury might have

believed the testimony of witness whose evidence was excluded and for one reason or another might not believe the testimony of the witnesses whose testimony was received without objection. Hence it cannot be said as a matter of law that the exclusion of such testimony was harmless error.

This conclusion is supported by decisions in other jurisdictions, notably: *Mohrenstecher v. Westervelt,* 87 Fed., 157; *Bibbins v. City of Chicago,* 61 N. E., 1030; *Chicago Union Traction Co. v. Miller,* 72 N. E., 25; *McDonough v. Williams,* 112 S. W., 164; *Moss v. Wells,* 249 S. W., 411; *Jenson v. Sorensen,* 233 N. W., 717.

Plaintiff's appeal: Affirmed.

Defendants' appeal: New trial.

ADAMS, J., not sitting.