KATHERINE BYERS, BY HER NEXT FRIEND, KATHERINE L. RINK, v.
J. W. BRAWLEY.

(Filed 10 October, 1934.)

**Automobiles D c—"Family purpose doctrine" does not apply in absence
of evidence that car was kept by defendant for use of his family.**

> The evidence in this action was to the effect that defendant kept a Chandler automobile for the use of his family and a Chrysler automobile for his own personal use, and that in his absence his nephew, who lived with the family, asked defendant's wife for permission to use the Chrysler for a pleasure trip, and that plaintiff was injured in an accident while riding in the Chrysler as a guest of the nephew: *Held*, even conceding that the nephew was a member of the family within the meaning of the "family purpose doctrine," in the absence of evidence that the car in which plaintiff was riding at the time of the accident was kept by defendant for the use of his family, defendant's motion as of nonsuit should have been allowed.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sink, J.*, at October Term, 1933, of GUILFORD. Reversed.

This is an action to recover of the defendant J. W. Brawley damages for personal injuries which the plaintiff suffered while she was riding in an automobile which was owned by the defendant.

It is alleged in the complaint that the automobile in which the plaintiff was riding at the time she was injured was owned, kept and maintained by the defendant for use by members of his family for their business or pleasure, and that at the time the plaintiff was injured, as alleged in the complaint, she was riding in said automobile as a guest of a member of defendant's family, who was using the automobile for his pleasure.

It is further alleged in the complaint that the plaintiff was injured by the negligence of the driver of the automobile, who was driving the

same at the direction and under the control of the member of defendant's family, who was then using the automobile for his pleasure.

In his answer, the defendant admits that he was the owner of the automobile in which the plaintiff was riding when she was injured, and that her injuries were caused by the negligence of the driver. He denies that he kept and maintained the automobile for use by members of his family, and that the person at whose direction and under whose control the automobile was being driven when the plaintiff was injured was a member of his family. He expressly denies that the driver of the automobile was his agent.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendant J. W. Brawley, as alleged in the complaint? Answer: 'Yes.'

"2. What damage, if any, is the plaintiff entitled to recover? Answer: '$3,500.' "

From judgment that plaintiff recover of the defendant J. W. Brawley the sum of $3,500, and the costs of the action, the defendant appealed to the Supreme Court, assigning as error the refusal of the court below to allow his motion for judgment as of nonsuit at the close of all the evidence.

*Smith, Wharton & Hudgins and Brooks, McLendon & Holderness for plaintiff.*

*Sapp & Sapp for defendant.*

CONNOR, J. At the trial of this action all the evidence showed that on 31 December, 1931, the defendant J. W. Brawley owned two automobiles, one a Chandler sedan and the other a Chrysler sedan; that the Chandler sedan was kept and maintained by the defendant for use by his wife, for her business or pleasure, and that the Chrysler sedan was kept and maintained by the defendant for his own use. The defendant lives in the city of Greensboro, N. C., where he maintains a home for himself and his wife. They have no children. The defendant is employed by the Pilot Life Insurance Company of Greensboro, N. C. On 31 December, 1931, the defendant was in Havana, Cuba.

All the evidence at the trial further showed that on 31 December, 1931, W. R. Lovill, Jr., a nephew of defendant's wife, was living in defendant's home in Greensboro. The mother of W. R. Lovill, Jr., died when he was about 8 years of age, and since her death he has lived in the home of the defendant. On 31 December, 1931, he was about 26 years of age. There was evidence tending to show that both before and after W. R. Lovill, Jr., arrived at the age of 21 years the relationship

between him and the defendant and his wife was that of a son and father and mother, and that such relationship existed on 31 December, 1931.

All the evidence further showed that on the night of 31 December, 1931, in the absence of the defendant from his home in Greensboro, the said W. R. Lovill, Jr., asked his aunt, the wife of the defendant, for permission to use the defendant's Chrysler sedan to take his friends, the plaintiff and Harry J. Byrd, to Mount Airy, N. C., to visit their friend, Miss Edna Ellis. Mrs. Brawley granted the request, and the said W. R. Lovill, Jr., the plaintiff, and Harry J. Byrd left Greensboro at about 7:30 p.m. in the Chrysler sedan. They arrived at Miss Ellis' home in Mount Airy, N. C., at about 10 o'clock. Some time thereafter the party left Miss Ellis' home in the Chrysler sedan to go to a moving-picture show. At the request of W. R. Lovill, Jr., Harry J. Byrd drove the sedan, with the plaintiff sitting by his side on the front seat, and with W. R. Lovill, Jr., and Miss Ellis sitting on the rear seat. By his careless and negligent driving, Harry J. Byrd caused the automobile to swerve to the left side of the highway, to strike a telephone pole, and to turn over. The plaintiff was thereby seriously, painfully, and permanently injured, with the result that she has sustained damages.

There was error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit, at the close of all the evidence, unless, as contended by the plaintiff, the "Family Purpose Doctrine" is applicable to this case. This doctrine has been recognized and applied in this jurisdiction. See *Grier v. Woodside,* 200 N. C., 759, 158 S. E., 491.

Conceding that there was evidence at the trial of this case tending to show that W. R. Lovill, Jr., was a member of defendant's family (see *McGee v. Crawford,* 205 N. C., 318, 171 S. E., 326), in the absence of any evidence tending to show that the automobile in which the plaintiff was riding at the time she was injured by the negligence of the driver was kept and maintained by the defendant for use by members of his family for their business or pleasure, the "Family Purpose Doctrine" is not applicable to this case, for the purpose of imposing liability on the defendant for the damages which the plaintiff sustained as the result of her injuries. *Eaves v. Coxe,* 203 N. C., 173, 165 S. E., 345.

There was error in the refusal of the court to allow defendant's motion for judgment as of nonsuit. For this error the judgment is

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.