McKENZIE SUPPLY COMPANY v. MOTEL DEVELOPMENT UNIT 2, INC., W. K. UPCHURCH CONSTRUCTION COMPANY, INC., RICHARD COLLINS, VERA COLLINS, IVON COLLINS, T/A COLLINS ELECTRIC COMPANY AND ITS SUCCESSOR, COLLINS COMPANY, INC., AND FEDERAL INSURANCE COMPANY

No. 7616SC599

(Filed 19 January 1977)

1. Frauds, Statute of § 5— promise to pay debt of another — main purpose rule

An oral promise to pay the debt of another is outside the statute of frauds and enforceable if the promisor has the requisite personal, immediate and pecuniary interest in the transaction.

2. Frauds, Statute of § 5— general contractor's oral promise to pay subcontractor's account — main purpose rule

The oral promise of the general contractor of a motel construction project to pay for electrical supplies furnished by plaintiff to the electrical subcontractor for the project came within the main purpose rule and was therefore enforceable where, at the time the promise was made, the subcontractor was in financial difficulty, the general contractor had paid the subcontractor $51,840 on its $72,000 electrical subcontract, and the general contractor had sufficient allocated funds remaining for payment of plaintiff's account with the subcontractor, and where the general contractor spent more than $30,000 to complete the electrical work after the subcontractor quit work on the project; therefore, the trial court erred in the exclusion of testimony by two disinterested witnesses that the general contractor's agent had told them that the general contractor would pay the subcontractor's account with plaintiff.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 8 April 1976 in Superior Court, ROBESON County. Heard in the Court of Appeals 8 December 1976.

Plaintiff seeks to recover $7,924.81 for electrical supplies furnished for the wiring and electrical installations in the

construction of the Ramada Inn Motel near Lumberton. The complaint alleges that the materials were ordered, beginning in December 1973, by Wayne Morris, supervisor for the electrical subcontractor, Collins Electric Company (hereafter referred to as Collins Electric), a Florida partnership whose members were defendants Richard, Gerald and Ivon Collins; that Collins Electric terminated work in the spring of 1974 after a dispute with the general contractor, defendant W. K. Upchurch Construction Company, Inc. (hereafter referred to as Upchurch); that Upchurch thereafter employed Wayne Morris and finished the electrical work on the project for the owner, defendant Motel Development Unit 2; that plaintiff thereafter continued to furnish electrical supplies because of the promise made by Upchurch that it would pay for the supplies; and that on 22 August 1974, plaintiff filed a Claim of Lien in the amount of $7,924.81 against defendant-owner, Motel Development Unit No. 2.

Defendant Upchurch denied that this promise had been made, pled the statute of frauds, and alleged that the supplies were furnished only to Collins Electric which subcontracted the electrical work for $72,000. Upchurch cross-claimed against Collins Electric for the subcontract overrun of $16,914.62.

Collins Electric did not file answer to the complaint or to the cross-claim.

The case was tried without a jury. Wayne Morris testified that Collins Electric began to have financial problems in February, 1974, making late and irregular payments to its employees on the project; that defendant Upchurch began paying the other Collins employees early or in the spring of 1974, but Collins Electric continued paying him (Morris) until September, 1974. In May 1974, plaintiff complained to Morris that Collins Electric was not current in the payment of its account and talked about closing the account. Shortly thereafter a meeting was held between Terry Owens, project manager for defendant Upchurch, and Larry Pope, office manager for plaintiff relative to payment of the Collins account.

Plaintiff also offered in evidence the testimony of Morris and Jerry Ivey, job foreman for Collins Electric, relative to conversations they had with Terry Owens, project manager for defendant Upchurch, about payment of plaintiff's account with Collins Electric. Defendant Upchurch objected to the admission

of the evidence on the ground that any promise made by Owens for Upchurch to answer for debts of Collins Electric was within the statute of frauds. The objections were sustained by the court. For the record, Morris and Ivey testified that Owens told them that defendant Upchurch would pay the account owed to plaintiff by Collins Electric.

Plaintiff also offered the testimony of Larry Pope and S. N. McKenzie, office manager and owner respectively of plaintiff, that in late May, and again in June 1974, Terry Owens promised that defendant Upchurch would pay the existing account owed by Collins Electric and would pay for future electrical supplies ordered for the project. The defendant Upchurch did not object to the introduction of this evidence.

Pope further testified that on 31 May 1974, Collins Electric paid plaintiff $961.26, the balance due on its account through April, 1974. Plaintiff furnished supplies in May, 1974, amounting to $3,020.70, and continued to deliver supplies until 25 July 1974, when the balance due on the account was $7,270.63. In response to invoices mailed to it by plaintiff, on 8 August 1974, defendant Upchurch sent a letter to plaintiff requesting that it contact Collins Electric for clarification of the account, since Collins had indicated that some of the invoices had been paid. Plaintiff made no further sales to defendants.

Defendant Upchurch offered the testimony of Terry Owens to explain the transactions among Upchurch, Collins Electric, and plaintiff.

The trial court made findings of fact, including the finding that Terry L. Owens did not make any promises on behalf of defendant Upchurch to pay the account of defendant Collins Electric to plaintiff, and awarded judgment in favor of plaintiff against Collins Electric for $7,924.81, plus interest, in favor of defendant Upchurch against Collins Electric for $16,914.62, plus interest, on its cross-action, but denied recovery by plaintiff against defendant Upchurch and defendant Federal Insurance Company. Plaintiff appealed.

*Joseph C. Ward, Jr., for plaintiff appellant.*

*Page & Britt, P.A. by W. Earl Britt for defendant appellees.*

CLARK, Judge.

The sole issue raised by this appeal is whether the exclusion of the testimony of Wayne Morris and Jerry Ivey relating to the promise of Terry Owens that defendant Upchurch would pay for the electrical supplies furnished by plaintiff to Collins Electric was prejudicial error. This ruling of the trial court was based on defendant Upchurch's claim that the promise was within the statute of frauds.

When the trial court excluded the proffered testimony of the witnesses Morris and Ivey, the pleadings and stipulations and evidence had established in pertinent part the following facts:

1. Defendant Motel Development Unit 2 was the owner of the land near Lumberton on which the Ramada Inn was constructed.

2. Defendant Upchurch was the general contractor.

3. Terry Owens was the project manager for defendant Upchurch.

4. Collins Electric was the electrical subcontractor under a written agreement with defendant Upchurch to do the electrical work for $72,000.

5. At the time of the alleged conversations between the witnesses Morris and Ivey with Terry Owens in late May 1974, (a) Collins Electric was in financial difficulty, (b) the defendant Upchurch had paid to Collins Electric $51,840.00 on its $72,000 electrical subcontract.

6. After May 1974, defendant Upchurch paid additional sums for labor and supplies to complete the electrical work, which resulted in a substantial cost overrun.

In the light of these circumstances, was the testimony of the witnesses Morris and Ivey that Terry Owens promised that defendant Upchurch would pay the plaintiff for electrical supplies used in the project within the statute of frauds?

The North Carolina statute of frauds, G.S. 22-1, provides in pertinent part:

"No action shall be brought . . . to charge any defendant upon a special promise to answer the debt, default or

miscarriage of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party charged therewith or some other person thereunto by him lawfully authorized."

[1] Both North Carolina and other jurisdictions have long recognized the rule that the promise to pay the debt of another is outside the statute and enforceable if the promise is supported by an independent and sufficient consideration running to the promissor. 37 C.J.S., Statute of Frauds, § 21 (1943). This rule is generally referred to as the "main purpose rule" or the "leading object rule." In *Burlington Industries v. Foil*, 284 N.C. 740, 202 S.E. 2d 591 (1974), the court stated: "Generally, if it is concluded that the promissor has the requisite personal, immediate, and pecuniary interest in the transaction in which a third party is the primary obligor, then the promise is said to be original rather than collateral and therefore need not be in writing to be binding." See also *Warren v. White*, 251 N.C. 729, 112 S.E. 2d 522 (1960) ; Note, *Statute of Frauds—The Main Purpose Doctrine in North Carolina*, 13 N. C. L. Rev. 263 (1935).

The trial court found as a fact that Terry Owens did not promise to pay for the electrical supplies delivered or to be delivered by plaintiff. This finding of fact is supported by the testimony of Terry Owens. Ordinarily, findings of fact supported by competent evidence are conclusive on appeal. *Transit, Inc. v. Casualty Co.*, 285 N.C. 541, 206 S.E. 2d 155 (1974).

[2] However, in determining this crucial fact the court did not consider the excluded evidence of the promise as testified by the apparently disinterested witnesses Morris and Ivey. The exclusionary ruling of the trial court was based on the proposition that the promise of Owens was within the statute of frauds and not enforceable. There was ample competent evidence to support a finding that Upchurch had personal, immediate, and pecuniary interest in completing the construction project which included the use of electrical supplies in finishing the electrical work subcontracted to Collins Electric. At the time the promise was made defendant Upchurch had paid to Collins Electric $51,840.00 under a subcontract for $72,000, and defendant Upchurch had sufficient allocated funds remaining for paying plaintiff's account. Upchurch's interest in completing the electrical work as specified in the subcontract with Collins Electric

was evidenced by the expenditure of more than $30,000 on this phase of the project after 5 June 1974, when the last payment was made to Collins. Whether Owens, whose authority as agent for Upchurch was not questioned, made the promise was crucial to plaintiff's case. The trial court erred in excluding this testimony of the witnesses Morris and Ivey on the ground that as a matter of law the promise was within the statute of frauds and not enforceable. This error resulted in the exclusion of evidence crucial to the determination of the case and was prejudicial to the plaintiff. *Eaves v. Coxe,* 203 N.C. 173, 165 S.E. 345 (1932).

This error relates only to defendant Upchurch, and not, as plaintiff argues, to both Upchurch and Federal Insurance Company. Plaintiff did not except to the finding that on the date its lien was filed, there were no funds owed by Upchurch to Collins Electric. Where there are no effective exceptions to the findings of fact, the findings will be presumed to be correct and a judgment supported by the findings will be affirmed. See cases cited in 1 Strong, N. C. Index, Appeal and Error, § 57.1 (3d Ed. 1976).

The judgment is reversed and this cause is remanded for a

New trial.

Judges PARKER and HEDRICK concur.