MOZELLE LEE EFFLER v. RICHARD D. PYLES AND LINDA L. PYLES

No. 8811SC891

(Filed 20 June 1989)

1. **Statute of Frauds § 5.1— promise to mother-in-law to pay debt—no promise to pay debt of another—no writing required**

In an action to recover damages for breach of an alleged oral agreement concerning the purchase of real property, the trial court correctly allowed testimony regarding defendant's oral promise to plaintiff where defendant promised *plaintiff* directly that he would make all the monthly payments on a mortgage note; defendant's agreement was not solely with his wife to pay off her debt to her mother, the plaintiff; defendant's promise to plaintiff was supported by independent consideration in that plaintiff pledged her own residence as collateral and obtained for defendant a $25,000 loan; and this constituted an original promise which was not subject to the writing requirement of N.C.G.S. § 22-1.

2. **Contracts § 27— plaintiff obtaining loan for defendant— repayment promised by defendant— sufficiency of evidence of contract and breach**

> The trial court properly directed a verdict for plaintiff where her evidence was sufficient to permit the jury to find that she and defendant entered a contract wherein she agreed to obtain a loan on his behalf in exchange for his promise to repay the loan, and that defendant breached that agreement.

3. **Quasi Contracts and Restitution § 1.2— loan to son-in-law—no benefit to wife—no recovery for unjust enrichment**

> The trial court properly entered summary judgment for defendant wife on plaintiff's claim for unjust enrichment where plaintiff failed to show that she conferred a benefit on defendant wife; defendant wife received title to the property in question from her husband; and though he had previously acquired his interest in the property with plaintiff's assistance, this did not satisfy plaintiff's burden of showing that she conferred a benefit directly on defendant wife.

APPEAL by defendant Richard Pyles and plaintiff from *Brewer, Coy E., Jr., Judge.* Judgment entered 31 March 1988 in LEE County Superior Court. Heard in the Court of Appeals 17 April 1989.

Plaintiff brought this action against defendants seeking damages and equitable remedies for the breach of an alleged oral agreement concerning the purchase of real property.

The evidence presented at trial tended to show that defendant Richard Pyles married plaintiff's daughter, Shirley, in 1976. The couple moved to Sanford, North Carolina, in March 1980 and lived with plaintiff. Plaintiff conveyed property located on Charlotte Avenue to her daughter on 5 December 1980, and on 5 August 1982 her daughter conveyed it to herself and Richard as tenants by the entireties. Richard purchased a small house and had it moved onto the property.

Richard and Shirley Pyles subsequently found a larger house in Sanford, located at 306 Cool Springs Road, and attempted to secure financing to purchase it. Plaintiff's evidence tended to show that Richard and Shirley Pyles asked her to co-sign a note with both of them and to pledge her own residence as collateral. In return for plaintiff's agreement to do these things, Richard and

## EFFLER v. PYLES

[94 N.C. App. 349 (1989)]

Shirley promised to make all of the monthly payments on the note until it was paid in full, and to sell the Charlotte Avenue property and apply the proceeds to the balance of the note. Richard Pyles denied the existence of this agreement.

Plaintiff testified that she and her daughter went to Summit Savings & Loan to sign a note with Richard to obtain a $25,000.00 loan, but Richard had to work late that night and was unable to meet them, so plaintiff and her daughter signed the note alone. Richard and Shirley Pyles purchased the property on 20 May 1983 and took title as tenants by the entireties. The Pyles made monthly payments on the note from May 1983 until December 1984. Shirley Pyles died on 31 December 1984. Richard ceased making payments due on the note in May 1985, and plaintiff made payments thereafter.

Richard married defendant Linda Pyles in February 1985. He subsequently conveyed to himself and Linda, as tenants by the entireties, the property located on Charlotte Avenue and at 306 Cool Springs Road. The Charlotte Avenue property was sold in April 1986 for $16,500.00. Defendants did not apply the proceeds to the note at Summit Savings & Loan.

Plaintiff commenced this action against defendants on 28 April 1987, seeking to recover all funds wrongfully diverted from her, the imposition of an equitable lien on all property acquired or improved with funds wrongfully diverted from her, specific performance of Richard's promises, punitive damages, and restitution from Linda Pyles in the amount in which she was unjustly enriched. The trial court granted defendants' motion for summary judgment with regard to the claim for punitive damages and all remaining claims against Linda Pyles, but denied defendants' motion regarding all other claims against Richard Pyles. The jury found that Richard contracted with plaintiff to repay the money she owed to Summit Savings & Loan. It further found that Richard breached the contract, and that plaintiff was entitled to recover $24,049.16 in damages.

*Staton, Perkinson, Doster & Post, by Norman C. Post, Jr., for plaintiff appellee-appellant.*

*J. Douglas Moretz for defendant appellant-appellees.*

WELLS, Judge.

## I. DEFENDANT'S APPEAL

[1]   Defendant Richard Pyles (hereinafter defendant) assigns error to the trial court for allowing testimony of oral communications concerning his promise to pay Shirley Pyles' debt to plaintiff. N.C. Gen. Stat. § 22-1 (1986) provides:

> No action shall be brought whereby to charge an executor, administrator or collector upon a special promise to answer damages out of his own estate or to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party charged therewith or some other person thereunto by him lawfully authorized.

This rule is subject to the well established main purpose rule, however, which provides that "the promise to pay the debt of another is outside the statute and enforceable if the promise is supported by an independent and sufficient consideration running to the promissor." *McKenzie Supply Co. v. Motel Development Unit 2,* 32 N.C. App. 199, 231 S.E. 2d 201 (1977). " 'Generally, if it is concluded that the promissor [sic] has the requisite personal, immediate, and pecuniary interest in the transaction in which a third party is the primary obligor, then the promise is said to be original rather than collateral and therefore need not be in writing to be binding.' " *Id.* (*quoting Burlington Industries v. Foil,* 284 N.C. 740, 202 S.E. 2d 591 (1974)).

Defendant promised *plaintiff* that he would make all of the monthly payments on the mortgage note; he made the agreement directly with plaintiff, rather than solely with Shirley Pyles to pay off her debt to her mother. Defendant's promise to plaintiff, furthermore, was supported by independent consideration: plaintiff pledged her own residence as collateral and obtained for defendant a $25,000.00 loan. We hold that this constituted an original promise, and therefore was not subject to the writing requirement. The trial court correctly allowed the testimony regarding defendant's oral promise to plaintiff.

[2]   Defendant also assigns error to the trial court's refusal to grant him a directed verdict. In evaluating a defendant's motion

for directed verdict, the plaintiff's evidence must be taken as true and all evidence considered in the light most favorable to the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). A directed verdict is proper only if it appears as a matter of law that the evidence is insufficient to support a verdict for plaintiff. *Farmer v. Chaney*, 292 N.C. 451, 233 S.E. 2d 582 (1977). Plaintiff's evidence was sufficient to permit the jury to find that she and defendant entered a contract wherein she agreed to obtain a loan on his behalf in exchange for his promise to repay the loan, and that defendant breached that agreement. We overrule this assignment of error.

Defendant brought forth additional assignments of error but conceded at oral argument that they lacked merit. We do not address these arguments. Defendant also conceded in his brief that an assignment of error regarding the trial court's instructions to the jury would be relevant only if this Court ordered a new trial. Because of our disposition of this appeal we do not consider this assignment of error.

## II. PLAINTIFF'S APPEAL

[3] Plaintiff appeals from the entry of summary judgment in favor of defendant Linda Pyles. Plaintiff contends that Linda Pyles was unjustly enriched by the receipt of title to the two properties, and that she diverted to herself the sale proceeds of the Charlotte Avenue property, which she knew were due to plaintiff. "In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party [and] the defendant must have consciously accepted the benefit." *Booe v. Shadrick*, 322 N.C. 567, 369 S.E. 2d 554 (1988).

Plaintiff has not shown that she conferred a benefit on defendant Linda Pyles. Linda Pyles received title to the property through her husband. Although *he* had previously acquired his interest in this property with plaintiff's assistance, this does not satisfy plaintiff's burden of showing that she conferred a benefit directly on defendant Linda Pyles. The trial court did not err in entering summary judgment for this defendant.

As to defendant Richard Pyles, no error.

As to defendant Linda Pyles, affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.