Patriot Performance Materials, Inc. v. Powell, 2013 NCBC 10.

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| COUNTY OF LEE | SUPERIOR COURT DIVISION<br>12 CVS 814 |

PATRIOT PERFORMANCE                    )
MATERIALS, INC., PATRIOT               )
OUTFITTERS, INC., and                  )
WILLIAM J. HENDERSON, IV,              )
                                       )
Plaintiffs,                            )
                                       )
    v.                                 )
                                       )
WILLIAM C. POWELL,                     )   **ORDER ON MOTION TO DISMISS**
                                       )       **THIRD-PARTY COMPLAINT**
Defendant and Third-Party Plaintiff,   )      **AGAINST AMBER CLANCY**
                                       )
    v.                                 )
                                       )
BEVERLY HENDERSON, JORDAN              )
HENDERSON, MELISSA ROESLER,            )
and AMBER CLANCY,                      )
                                       )
Third-Party Defendants.                )
                                       )

{1}     THIS MATTER is before the court on Third-Party Defendant Amber Wedlake's, f/k/a/ Amber Clancy, Motion to Dismiss the Third-Party Complaint ("Motion"). For the reasons stated below the Motion is GRANTED.

> *The Law Offices of Lonnie M. Player, Jr., PLLC by Lonnie M. Player for Defendant and Third-Party Plaintiff William C. Powell.*

> *Law Office of Charles M. Oldham, PLLC by Charles M. Oldham, III and The Lile-King Firm by Phyllis Lile-King for Third-Party Defendant Amber Wedlake.*

Gale, Judge.

# I. PROCEDURAL BACKGROUND

{2} Plaintiffs initiated this lawsuit against Defendant and Third-Party Plaintiff William C. Powell ("Powell") by Complaint dated July 23, 2012, alleging claims for breach of fiduciary duty and tortious interference with business relationships arising out of Powell's alleged mismanagement of businesses co-owned by Powell and Plaintiff William J. Henderson, IV ("Henderson"). On September 11, 2012, Powell answered and asserted counterclaims against Henderson alleging that Henderson converted funds from their jointly-owned businesses for his own personal use. Powell also brought third-party complaints against Henderson's wife Beverly Henderson, Henderson's daughter Jordan Henderson, Melissa Roesler, and Amber Clancy ("Clancy"), all of whom, Powell alleges, received benefits from Henderson's conversion of company monies.

{3} Clancy answered and moved to dismiss the third-party complaint against her on October 26, 2012. The Motion has been fully briefed, oral argument was held on February 12, 2013, and the matter is ripe for disposition.

# II. FACTUAL BACKGROUND

{4} The court does not make findings of fact in connection with a motion to dismiss, as a motion to dismiss "does not present the merits, but only [determines] whether the merits may be reached." *Concrete Serv. Corp. v. Investors Grp., Inc.,* 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986). The following facts are stated to provide context for the court's opinion and are construed in favor of the Plaintiff, with the court drawing permissible inferences not inconsistent with the facts alleged.

{5} Henderson and Powell are equal co-owners of several businesses, two of which are Plaintiffs in this action. (Compl. ¶¶ 1–4, 7; Answer, Affirmative Defense, Countercls. and Third Party Compl. [hereinafter "Third Party Compl."] 5–6 ¶¶ 4, 7, 10, 11.) Powell's counterclaims allege, *inter alia,* that "for the nine (9)

months of December, 2005 and January, 2006 and May, 2006 through November, 2006" Henderson "us[ed] company funds to lavish gifts upon women." (Third Party Compl. 7 ¶¶ 13, 15.) For example, the counterclaim alleges:

> [I]n 2006, Plaintiff Henderson diverted over $30,000.00 in company funds . . . for the purpose of purchasing a Mercedes-Benz automobile and a high-end Apple Mac computer for Third Party Defendant Amber Clancy, a woman who, upon information and belief, had been a nanny for Plaintiff Henderson and his wife, Third Party Defendant Beverly Henderson.

(Third Party Compl. 7 ¶ 16.)

{6}     This allegation forms the basis of Powell's third-party complaint against Clancy, which claims that Clancy was unjustly enriched by the items given to her by Henderson, items which were purchased with corporate funds. (Third Party Compl. 20 ¶¶ 9–11.)

## III.    STANDARD OF REVIEW

{7}     The appropriate inquiry on a motion to dismiss pursuant to Rule 12(b)(6) is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Crouse v. Mineo*, 189 N.C. App. 232, 237, 658 S.E.2d 33, 36 (2008) (quoting *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)). A claim may be properly dismissed "pursuant to Rule 12(b)(6) if no law exists to support the claim, if the complaint fails to allege sufficient facts to assert a viable claim, or if the complaint alleges facts that will necessarily defeat the claim." *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C. App. 33, 40, 626 S.E.2d 315, 322 (2006).

# IV.  ANALYSIS

{8}    In order to prevail on a claim for unjust enrichment, a plaintiff must show that (1) it conferred a benefit on the other party; (2) the benefit was not conferred officiously; (3) the benefit was not gratuitous; (4) the benefit is measurable; and (5) the defendant consciously accepted the benefit.  *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 555–56 (1988).

{9}    Claims for unjust enrichment are governed by a three-year statute of limitations as an implied contract under N.C. GEN. STAT. § 1-52(1) (2012). *Housecalls Home Health Care, Inc. v. State*, 200 N.C. App. 66, 70, 682 S.E.2d 741, 744 (2009).

{10}    Powell alleges that Henderson wrongly used corporate funds to confer benefits upon Clancy.  (Third Party Compl. 7 ¶ 16, 20 ¶¶ 10–11.)  Thus it was the corporation, not Powell individually, who conferred a benefit, if any, upon Clancy and it is the corporation that would be the proper party to bring such an action.  *See Effler v. Pyles*, 94 N.C. App. 349, 353, 380 S.E.2d 149, 152 (1989).

{11}    However, even if Powell were the proper plaintiff or if the claim had been properly brought on behalf of the corporation, the third-party complaint itself alleges that the items given to Clancy were "gifts," which fall outside the purview of a claim for unjust enrichment.  *Booe*, 322 N.C. at 570, 369 S.E.2d at 555–56; (Third Party Compl. 7 ¶ 15; Response 5.)  And, as stated, an action for unjust enrichment is governed by a three-year statute of limitations and is not governed by a discovery rule.  By incorporating the allegations of the counterclaim, Powell's third-party complaint on its face alleges that the items were given to Clancy in 2006, more than three years before the claim against Clancy was initiated in September 2012.

## V.    CONCLUSION

{12}    For the reasons stated above, the Motion is GRANTED.

IT IS SO ORDERED this 13th day of February, 2013.